**ORAL ARGUMENT NOT YET SCHEDULED**

No. 14-5257 Consolidated with No. 15-5088

---

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

ANTOINE JONES,
*Plaintiff-Appellant*

v.

STEVE KIRCHNER, D.C. MPD DETECTIVE, *et al.*,
*Defendants-Appellees*

---

On Appeal from the United States District Court
for the District of Columbia, No. 12-cv-1334 (Judge Richard J. Leon)

---

**JOINT APPENDIX**

Arthur B. Spitzer
American Civil Liberties Union of the
Nation's Capital
4301 Connecticut Ave., NW, Suite 434
Washington, DC 20008
Telephone: 202-457-0800, ext. 1004
Facsimile: 202-457-0805
Email: artspitzer@aclu-nca.org

Anthony F. Shelley
*Counsel of Record for Appellant*
Miller & Chevalier Chartered
655 Fifteenth St., NW, Suite 900
Washington, DC 20005
Telephone: 202- 626-5924
Facsimile: 202- 626-5801
Email: ashelley@milchev.com

*Counsel for Appellant*

June 29, 2015

## <u>TABLE OF CONTENTS</u>

*Jones v. Kirchner*, D.D.C., No. 12-cv-1334, Docket Sheet.................................. JA1

Memorandum Opinion granting Defendants-Appellees' Motion to Dismiss
(Dkt. No. 45, signed Sept. 6, 2014 and filed Sept. 8, 2014).............................. JA14

Order granting Defendants-Appellees' Motion to Dismiss
(Dkt. No. 46, signed Sept. 6, 2014 and filed Sept. 8, 2015).............................. JA30

Order granting motion for voluntary dismissal
(Dkt. No. 52, Feb. 18, 2015) ............................................................................... JA31

Judgment in favor of defendants against plaintiff
(Dkt. No. 53, Feb. 25, 2015) ............................................................................... JA32

Amended Complaint (Dkt. No. 4, Jan. 10, 2013) ............................................... JA33

Notice of Appeal (Dkt. No. 47, Oct. 8, 2015) .................................................... JA48

Subsequent Notice of Appeal (Dkt. No. 54, Mar. 26, 2015) ............................. JA49

Certificate of Service ....................................................................................... *post*

APPEAL,CLOSED,JURY,TYPE-F

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: 1:12-cv-01334-RJL

JONES v. KIRCHNER et al                       Date Filed: 08/13/2012
Assigned to: Judge Richard J. Leon            Date Terminated: 02/25/2015
Case in other court: USCA, 14-05257           Jury Demand: Plaintiff
                    USCA, 15-05088            Nature of Suit: 550 Prisoner Petition:
Cause: 42:1983 Prisoner Civil Rights          Civil Rights (Other)
                                              Jurisdiction: U.S. Government
                                              Defendant

**Plaintiff**

**ANTOINE JONES**              represented by  **Anthony F. Shelley**
                                              MILLER & CHEVALIER,
                                              CHARTERED
                                              655 15th Street, NW
                                              Suite 900
                                              Washington, DC 20005-5701
                                              (202) 626-5924
                                              Fax: (202) 626-5801
                                              Email: ashelley@milchev.com
                                              *LEAD ATTORNEY*
                                              *ATTORNEY TO BE NOTICED*

                                              **Arthur B. Spitzer**
                                              AMERICAN CIVIL LIBERTIES
                                              UNION OF THE NATION'S
                                              CAPITAL
                                              4301 Connecticut Avenue, NW
                                              Suite 434
                                              Washington, DC 20008
                                              (202) 457-0800 x1004
                                              Fax: (202) 457-0805
                                              Email: artspitzer@gmail.com
                                              *LEAD ATTORNEY*
                                              *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**STEVE KIRCHNER**             represented by  **Jeremy S. Simon**
*D.C. MPD Detective*                          U.S. ATTORNEY'S OFFICE FOR
*TERMINATED: 09/08/2014*                      THE DISTRICT OF COLUMBIA
                                              555 Fourth Street, NW

# JA1

USCA Case #14-5257      Document #1560074            Filed: 06/30/2015      Page 4 of 52

Room E-4808
Washington, DC 20530
(202) 252-2528
Fax: (202) 252-2599
Email: jeremy.simon@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**JOSEPH SOPATA**                          represented by   **Jeremy S. Simon**
*D.C. MPD Detective*                                        (See above for address)
*TERMINATED: 09/08/2014*                                    *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

**Defendant**

**STEPHEN NAUGLE**                         represented by   **Jeremy S. Simon**
*F.B.I. Agent*                                              (See above for address)
*TERMINATED: 09/08/2014*                                    *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

**Defendant**

**AMANDA ROMEK**
*F.B.I. Agent*
*TERMINATED: 01/10/2013*

**Defendant**

**DAN PARKER**
*F.B.I. Agent*
*TERMINATED: 01/10/2013*

**Defendant**

**SHANE DANA**
*F.B.I. Agent*
*TERMINATED: 01/10/2013*

**Defendant**

**TUCKER G. VANDERBUNT**
*F.B.I. Agent*
*TERMINATED: 01/10/2013*

**Defendant**

**JULIAN SHEPHERD**
*F.B.I. Agent*
*TERMINATED: 01/10/2013*

**Defendant**

**JA2**

**RICK RUGGIERI**
*F.B.I. Agent*
*TERMINATED: 01/10/2013*

Defendant

**SHAWN FITZGERALD**
*F.B.I. Agent*
*TERMINATED: 01/10/2013*

Defendant

**JENNIFER BANKS**
*F.B.I. Agent*
*TERMINATED: 01/10/2013*

Defendant

**TECHNICIAN BROOK**                        represented by   **Jeremy S. Simon**
*F.B.I. Agent*                                               (See above for address)
*TERMINATED: 09/08/2014*                                     *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

Defendant

**UNKNOWN NAME AGENT**
*Who Monitored G.P.S.*
*TERMINATED: 01/10/2013*

Defendant

**KATERINA GIKAS**                          represented by   **Jeremy S. Simon**
*ICE Agent*                                                  (See above for address)
*TERMINATED: 09/08/2014*                                     *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

Defendant

**WILLIAM WINTERS**                         represented by   **Jeremy S. Simon**
*ICE Supervisor*                                             (See above for address)
*TERMINATED: 09/08/2014*                                     *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

Defendant

**KEVIN BUTTS**                             represented by   **Jeremy S. Simon**
*ICE Agent*                                                  (See above for address)
*TERMINATED: 09/08/2014*                                     *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

Defendant

**MICHAEL G SHARPE**                        represented by   **Jeremy S. Simon**
*Canine Enforcement Officer*                                 (See above for address)
*TERMINATED: 09/08/2014*                                     *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

## JA3

USCA Case #14-5257      Document #1560074        Filed: 06/30/2015      Page 6 of 52

**Defendant**

**FRED**
*ICE Agent*

**Defendant**

**UNKNOWN NAME**
*ICE Agent*

**Defendant**

**STEPHANIE YANTA**                   represented by **Jeremy S. Simon**
*F.B.I. Agent*                                                (See above for address)
*TERMINATED: 09/08/2014*                          *LEAD ATTORNEY*
                                                                    *ATTORNEY TO BE NOTICED*

**Defendant**

**STEVE KIRCHNER**
*F.B.I. Agent*
*TERMINATED: 01/10/2013*

**Defendant**

**JOSEPH SOPATA**
*F.B.I. Agent*
*TERMINATED: 01/10/2013*

**Defendant**

**STEVE NAUGLE**
*F.B.I. Agent*
*TERMINATED: 01/10/2013*

**Defendant**

**UNKNOWN AGENTS**
*Who monitored wiretaps*
*TERMINATED: 01/10/2013*

**Defendant**

**NORMA HORNE**                        represented by **Jeremy S. Simon**
*F.B.I. Agent*                                                (See above for address)
*TERMINATED: 09/08/2014*                          *LEAD ATTORNEY*
                                                                    *ATTORNEY TO BE NOTICED*

**Defendant**

**KELLIE OBRIEN**                       represented by **Jeremy S. Simon**
*F.B.I. Agent*                                                (See above for address)
*TERMINATED: 09/08/2014*                          *LEAD ATTORNEY*
                                                                    *ATTORNEY TO BE NOTICED*

**Defendant**

# JA4

**MARIA DELANEY**
*ABRA Director*
*TERMINATED: 01/10/2013*

<u>Defendant</u>

**UNKNOWN NAME**
*F.B.I. Agent*

<u>Defendant</u>

**RENALDA SHAW**
*TERMINATED: 01/10/2013*

<u>Defendant</u>

**JON SNOW**                              represented by  **Jeremy S. Simon**
*in his individual capacity*                              (See above for address)
*TERMINATED: 09/08/2014*                                  *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

<u>Defendant</u>

**GREGG HORNER**                          represented by  **Jeremy S. Simon**
*in his individual capacity*                              (See above for address)
*TERMINATED: 09/08/2014*                                  *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

<u>Defendant</u>

**JOSEPH LOWERY**                         represented by  **Jeremy S. Simon**
*in his individual capacity*                              (See above for address)
*TERMINATED: 09/08/2014*                                  *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

<u>Defendant</u>

**ANGELA MCCRAVY**                        represented by  **Jeremy S. Simon**
*in her individual capacity*                              (See above for address)
*TERMINATED: 09/08/2014*                                  *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

<u>Defendant</u>

**BRIAN MUMFORD**                         represented by  **Jeremy S. Simon**
*in his individual capacity*                              (See above for address)
*TERMINATED: 09/08/2014*                                  *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

<u>Defendant</u>

**TIMOTHY PAK**                           represented by  **Jeremy S. Simon**
*in his individual capacity*                              (See above for address)
*TERMINATED: 09/08/2014*                                  *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

# JA5

USCA Case #14-5257        Document #1560074        Filed: 06/30/2015        Page 8 of 52

**Defendant**

**JARED WISE**
*in his individual capacity*
*TERMINATED: 09/08/2014*

represented by **Jeremy S. Simon**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**SERGHY KALUZNY**
*in his individual capacity*
*TERMINATED: 09/08/2014*

represented by **Jeremy S. Simon**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**KEVIN WOLF**
*in his individual capacity*
*TERMINATED: 09/08/2014*

represented by **Jeremy S. Simon**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**KATE BEATON**
*in her individual capacity*
*TERMINATED: 09/08/2014*

represented by **Jeremy S. Simon**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | clear | Docket Text |
|---|---|---|---|
| 08/13/2012 | 1 | ☐ | COMPLAINT against JENNIFER BANKS, TECHNICIAN BROOK, KEVIN BUTTS, SHANE DANA, MARIA DELANEY, SHAWN FITZGERALD, FRED, KATERINA GIKAS, NORMA HORNE(F.B.I. Agent), STEVE KIRCHNER(D.C. MPD Detective), STEVE KIRCHNER (F.B.I. Agent), STEPHEN NAUGLE, STEVE NAUGLE, KELLIE OBRIEN(F.B.I. Agent), DAN PARKER, AMANDA ROMEK, RICK RUGGIERI, MICHAEL G SHARPE, RENALDA SHAW, JULIAN SHEPHERD, JOSEPH SOPATA(F.B.I. Agent), JOSEPH SOPATA(D.C. MPD Detective), UNKNOWN AGENTS, UNKNOWN NAME(ICE Agent), UNKNOWN NAME(F.B.I. Agent), UNKNOWN NAME AGENT, TUCKER G. VANDERBUNT, WILLIAM WINTERS, STEPHANIE YANTA ( Filing fee $ 350, receipt number 4616050633) filed by ANTOINE JONES. (Attachments: # 1 Civil Cover Sheet)(dr) (Entered: 08/14/2012) |
| 08/13/2012 | | | SUMMONS Not Issued as to JENNIFER BANKS, TECHNICIAN BROOK, KEVIN BUTTS, SHANE DANA, MARIA DELANEY, SHAWN FITZGERALD, FRED, KATERINA GIKAS, NORMA HORNE (F.B.I. Agent), STEVE KIRCHNER(D.C. MPD Detective), STEVE KIRCHNER(F.B.I. Agent), STEPHEN NAUGLE, STEVE NAUGLE, KELLIE OBRIEN(F.B.I. Agent), DAN PARKER, AMANDA ROMEK, RICK RUGGIERI, MICHAEL G SHARPE, RENALDA SHAW, |

**JA6**

| | | | |
|---|---|---|---|
| | | | JULIAN SHEPHERD, JOSEPH SOPATA(F.B.I. Agent), JOSEPH SOPATA(D.C. MPD Detective), UNKNOWN AGENTS, UNKNOWN NAME(ICE Agent), UNKNOWN NAME(F.B.I. Agent), UNKNOWN NAME AGENT, TUCKER G. VANDERBUNT, WILLIAM WINTERS, STEPHANIE YANTA (dr) Modified date filed on 8/17/2012 (td, ). (Entered: 08/14/2012) |
| 08/28/2012 | 2 | ☐ | Case randomly reassigned to Judge Richard J. Leon. Judge Rudolph Contreras no longer assigned to the case. (ds) (Entered: 08/28/2012) |
| 01/10/2013 | 3 | ☐ | NOTICE of Appearance by Anthony F. Shelley on behalf of ANTOINE JONES (Shelley, Anthony) (Entered: 01/10/2013) |
| 01/10/2013 | 4 | ☐ | FIRST AMENDED COMPLAINT against KATE BEATON, TECHNICIAN BROOK, KEVIN BUTTS, FRED, KATERINA GIKAS, NORMA HORNE, GREGG HORNER, SERGHY KALUZNY, STEVE KIRCHNER(D.C. MPD Detective), STEVE KIRCHNER(F.B.I. Agent), JOSEPH LOWERY, ANGELA MCCRAVY, BRIAN MUMFORD, STEPHEN NAUGLE, KELLIE OBRIEN, TIMOTHY PAK, MICHAEL G SHARPE, JON SNOW, JOSEPH SOPATA(D.C. MPD Detective), UNKNOWN NAME(ICE Agent), UNKNOWN NAME(F.B.I. Agent), UNKNOWN NAME AGENT, WILLIAM WINTERS, JARED WISE, KEVIN WOLF, STEPHANIE YANTA filed by ANTOINE JONES.(rdj) (Entered: 01/11/2013) |
| 01/11/2013 | 5 | ☐ | NOTICE of Filing and Summonses by ANTOINE JONES (Shelley, Anthony) Modified on 1/14/2013 (znmw, ). Modified on 1/16/2013 (jf, ). (Entered: 01/11/2013) |
| 01/11/2013 | 6 | ☐ | NOTICE of Appearance by Arthur B. Spitzer on behalf of ANTOINE JONES (Spitzer, Arthur) (Entered: 01/11/2013) |
| 01/14/2013 | | | ENTERED IN ERROR.....NOTICE OF CORRECTED DOCKET ENTRY: Docket Entry 5 Notice (Other) has been entered in error as summonses are incomplete and cannot be issued as submitted. Counsel is instructed to resubmit summonses to include address of each named defendant. (Note: Summonses cannot be issued for Unknown parties). (znmw, ) Modified on 1/16/2013 (jf, ). (Entered: 01/14/2013) |
| 01/15/2013 | 7 | ☐ | NOTICE of Filing Additional Summonses by ANTOINE JONES (Attachments: # 1 Summons for US Attorney for DC, # 2 Summons for US Attorney General)(Shelley, Anthony) (Entered: 01/15/2013) |
| 01/16/2013 | 8 | ☐ | ELECTRONIC (2) SUMMONS Issued as to, U.S. Attorney and U.S. Attorney General (jf, ) (Entered: 01/16/2013) |
| 01/16/2013 | 9 | ☐ | Electronic Summons Issued as to JENNIFER BANKS, KATE BEATON, TECHNICIAN BROOK, KEVIN BUTTS, SHANE DANA, MARIA DELANEY, SHAWN FITZGERALD, FRED, KATERINA GIKAS, NORMA HORNE, GREGG HORNER, SERGHY KALUZNY, STEVE KIRCHNER(D.C. MPD Detective), STEVE KIRCHNER(F.B.I. Agent), JOSEPH LOWERY, ANGELA MCCRAVY, BRIAN MUMFORD, STEPHEN NAUGLE, STEVE NAUGLE, KELLIE OBRIEN, TIMOTHY |

**JA7**

| | | | |
|---|---|---|---|
| | | | PAK, DAN PARKER, AMANDA ROMEK, RICK RUGGIERI, MICHAEL G SHARPE, RENALDA SHAW, JULIAN SHEPHERD, JON SNOW, JOSEPH SOPATA(F.B.I. Agent), JOSEPH SOPATA(D.C. MPD Detective), UNKNOWN NAME(ICE Agent), TUCKER G. VANDERBUNT, WILLIAM WINTERS, JARED WISE, KEVIN WOLF, STEPHANIE YANTA. (Attachments: # 1 Summons)(jf, ) (Entered: 01/16/2013) |
| 02/11/2013 | 10 | ☐ | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to the United States Attorney. Date of Service Upon United States Attorney on 1/18/2013. Answer due for ALL FEDERAL DEFENDANTS by 3/19/2013. (Shelley, Anthony) (Entered: 02/11/2013) |
| 02/11/2013 | 11 | ☐ | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed on United States Attorney General. Date of Service Upon United States Attorney General 1/18/13. (Shelley, Anthony) (Entered: 02/11/2013) |
| 03/18/2013 | 12 | ☐ | NOTICE *Regarding Federal Defendants' Obligation to Answer or Otherwise Respond* by KATE BEATON, KEVIN BUTTS, KATERINA GIKAS, GREGG HORNER, SERGHY KALUZNY, JOSEPH LOWERY, ANGELA MCCRAVY, BRIAN MUMFORD, STEPHEN NAUGLE, KELLIE OBRIEN, TIMOTHY PAK, MICHAEL G SHARPE, JON SNOW, WILLIAM WINTERS, JARED WISE, KEVIN WOLF, STEPHANIE YANTA (Simon, Jeremy) (Entered: 03/18/2013) |
| 05/01/2013 | 13 | ☐ | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. NORMA HORNE served on 4/18/2013, answer due 5/9/2013 (Shelley, Anthony) (Entered: 05/01/2013) |
| 05/01/2013 | 14 | ☐ | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. JOSEPH SOPATA(D.C. MPD Detective) served on 4/23/2013, answer due 5/14/2013 (Shelley, Anthony) (Entered: 05/01/2013) |
| 05/01/2013 | 15 | ☐ | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. STEVE KIRCHNER(F.B.I. Agent) served on 4/24/2013, answer due 5/15/2013 (Shelley, Anthony) (Entered: 05/01/2013) |
| 05/08/2013 | 16 | ☐ | Consent MOTION for Extension of Time to *Answer or Otherwise Respond to Amended Complaint* by NORMA HORNE, STEVE KIRCHNER(D.C. MPD Detective), JOSEPH SOPATA(D.C. MPD Detective) (Attachments: # 1 Proposed Order)(Simon, Jeremy) (Entered: 05/08/2013) |
| 05/13/2013 | | | MINUTE ORDER granting 16 Motion for Extension of Time. It is hereby ORDERED that the motion is GRANTED. Signed by Judge Richard J. Leon on 5/13/13. (lcrjl1) (Entered: 05/13/2013) |
| 05/17/2013 | 17 | ☐ | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. STEPHEN NAUGLE served on 5/7/2013, answer due 5/28/2013 (Shelley, Anthony) (Entered: 05/17/2013) |
| 05/17/2013 | 18 | ☐ | |

## JA8

|  |  |  | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. KELLIE OBRIEN served on 5/9/2013, answer due 5/30/2013 (Shelley, Anthony) (Entered: 05/17/2013) |
|---|---|---|---|
| 05/17/2013 | 19 | ☐ | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. KATERINA GIKAS served on 5/7/2013, answer due 5/28/2013 (Shelley, Anthony) (Entered: 05/17/2013) |
| 05/17/2013 | 20 | ☐ | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. KEVIN BUTTS served on 5/9/2013, answer due 5/30/2013 (Shelley, Anthony) (Entered: 05/17/2013) |
| 05/28/2013 | 21 | ☐ | NOTICE *(Supplemental Notice Regarding Federal Defendants' Obligation to Answer or Otherwise Respond* by KEVIN BUTTS, KATERINA GIKAS, STEPHEN NAUGLE, KELLIE OBRIEN (Simon, Jeremy) (Entered: 05/28/2013) |
| 06/07/2013 | 22 | ☐ | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. SERGHY KALUZNY served on 5/15/2013, answer due 6/5/2013 (Shelley, Anthony) (Entered: 06/07/2013) |
| 06/07/2013 | 23 | ☐ | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. BRIAN MUMFORD served on 5/15/2013, answer due 6/5/2013 (Shelley, Anthony) (Entered: 06/07/2013) |
| 06/07/2013 | 24 | ☐ | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. TECHNICIAN BROOK served on 5/20/2013, answer due 6/10/2013 (Shelley, Anthony) (Entered: 06/07/2013) |
| 06/07/2013 | 25 | ☐ | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. GREGG HORNER served on 5/20/2013, answer due 6/10/2013 (Shelley, Anthony) (Entered: 06/07/2013) |
| 06/07/2013 | 26 | ☐ | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. TIMOTHY PAK served on 5/20/2013, answer due 6/10/2013 (Shelley, Anthony) (Entered: 06/07/2013) |
| 06/07/2013 | 27 | ☐ | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. JARED WISE served on 5/20/2013, answer due 6/10/2013 (Shelley, Anthony) (Entered: 06/07/2013) |
| 06/07/2013 | 28 | ☐ | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. KATE BEATON served on 5/15/2013, answer due 6/5/2013 (Shelley, Anthony) (Entered: 06/07/2013) |
| 06/07/2013 | 29 | ☐ | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. JOSEPH LOWERY served on 5/15/2013, answer due 6/5/2013 (Shelley, Anthony) (Entered: 06/07/2013) |
| 06/07/2013 | 30 | ☐ | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. ANGELA MCCRAVY served on 5/15/2013, answer due 6/5/2013 (Shelley, Anthony) (Entered: 06/07/2013) |
| 06/07/2013 | 31 | ☐ |  |

## JA9

USCA Case #14-5257    Document #1560074    Filed: 06/30/2015    Page 12 of 52

| | | | |
|---|---|---|---|
| | | ☐ | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. JON SNOW served on 5/15/2013, answer due 6/5/2013 (Shelley, Anthony) (Entered: 06/07/2013) |
| 06/07/2013 | 32 | ☐ | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. KEVIN WOLF served on 5/15/2013, answer due 6/5/2013 (Shelley, Anthony) (Entered: 06/07/2013) |
| 06/07/2013 | 33 | ☐ | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. STEPHANIE YANTA served on 5/15/2013, answer due 6/5/2013 (Shelley, Anthony) (Entered: 06/07/2013) |
| 06/10/2013 | 34 | ☐ | Consent MOTION to Establish Uniform Deadline for Defendants who Have Been Served to Answer or Otherwise Respond to Amended Complaint by KATE BEATON, TECHNICIAN BROOK, KEVIN BUTTS, KATERINA GIKAS, NORMA HORNE, GREGG HORNER, SERGHY KALUZNY, STEVE KIRCHNER(D.C. MPD Detective), JOSEPH LOWERY, ANGELA MCCRAVY, BRIAN MUMFORD, STEPHEN NAUGLE, KELLIE OBRIEN, TIMOTHY PAK, MICHAEL G SHARPE, JON SNOW, JOSEPH SOPATA(D.C. MPD Detective), WILLIAM WINTERS, JARED WISE, KEVIN WOLF, STEPHANIE YANTA (Attachments: # 1 Proposed Order)(Simon, Jeremy) (Entered: 06/10/2013) |
| 06/14/2013 | | | MINUTE ORDER granting 34 Consent Motion to Establish Uniform Deadline for Defendants Who Have Been Served to Answer or Otherwise Respond to Amended Complaint. It is hereby ORDERED that the motion is GRANTED. Signed by Judge Richard J. Leon on 6/14/13. (lcrjl1) (Entered: 06/14/2013) |
| 08/02/2013 | 35 | ☐ | Consent MOTION for Extension of Time to *Answer or Otherwise Respond to Amended Complaint* by KATE BEATON, TECHNICIAN BROOK, KEVIN BUTTS, KATERINA GIKAS, NORMA HORNE, GREGG HORNER, SERGHY KALUZNY, STEVE KIRCHNER(D.C. MPD Detective), JOSEPH LOWERY, ANGELA MCCRAVY, BRIAN MUMFORD, STEPHEN NAUGLE, KELLIE OBRIEN, TIMOTHY PAK, MICHAEL G SHARPE, JON SNOW, JOSEPH SOPATA(D.C. MPD Detective), WILLIAM WINTERS, JARED WISE, KEVIN WOLF, STEPHANIE YANTA (Attachments: # 1 Proposed Order)(Simon, Jeremy) (Entered: 08/02/2013) |
| 08/02/2013 | | | MINUTE ORDER granting 35 Motion for Extension of Time. It is hereby ORDERED that the motion is GRANTED. Signed by Judge Richard J. Leon on 8/2/13. (lcrjl1) (Entered: 08/02/2013) |
| 09/03/2013 | 36 | ☐ | Consent MOTION for Extension of Time to *Answer or Otherwise Respond to Amended Complaint* by KATE BEATON, TECHNICIAN BROOK, KEVIN BUTTS, KATERINA GIKAS, NORMA HORNE, GREGG HORNER, SERGHY KALUZNY, STEVE KIRCHNER(D.C. MPD Detective), JOSEPH LOWERY, ANGELA MCCRAVY, BRIAN MUMFORD, STEPHEN NAUGLE, KELLIE OBRIEN, TIMOTHY PAK, MICHAEL G SHARPE, JON SNOW, JOSEPH SOPATA(D.C. |

## JA10

USCA Case #14-5257     Document #1560074     Filed: 06/30/2015     Page 13 of 52

| | | | MPD Detective), WILLIAM WINTERS, JARED WISE, KEVIN WOLF, STEPHANIE YANTA (Attachments: # 1 Proposed Order)(Simon, Jeremy) (Entered: 09/03/2013) |
|---|---|---|---|
| 09/04/2013 | | | MINUTE ORDER: Defendants' unopposed 36 Motion for Extension of Time is granted, and their Answer or other response to the Complaint is due by September 11, 2013. Signed by Judge Richard J. Leon on 9/4/13. (ms, ) (Entered: 09/04/2013) |
| 09/05/2013 | | | Set/Reset Deadlines: Defendants answer to complaint due by 9/11/2013. (kc ) (Entered: 09/05/2013) |
| 09/11/2013 | 37 | ☐ | MOTION to Dismiss by KATE BEATON, TECHNICIAN BROOK, KEVIN BUTTS, KATERINA GIKAS, NORMA HORNE, GREGG HORNER, SERGHY KALUZNY, STEVE KIRCHNER(D.C. MPD Detective), JOSEPH LOWERY, ANGELA MCCRAVY, BRIAN MUMFORD, STEPHEN NAUGLE, KELLIE OBRIEN, TIMOTHY PAK, MICHAEL G SHARPE, JON SNOW, JOSEPH SOPATA(D.C. MPD Detective), WILLIAM WINTERS, JARED WISE, KEVIN WOLF, STEPHANIE YANTA (Attachments: # 1 Proposed Order, # 2 Declaration of William Winter, # 3 Exhibit 1 (Excerpts of Nov. 16, 2006 Transcript), # 4 Exhibit 2 (Excerpts from Nov. 6, 2007 Transcript), # 5 Exhibit 3 (Excerpts from Nov. 29, 2006 Transcript))(Simon, Jeremy) (Entered: 09/11/2013) |
| 09/23/2013 | 38 | ☐ | Consent MOTION for Extension of Time to File Response/Reply as to 37 MOTION to Dismiss by ANTOINE JONES (Attachments: # 1 Text of Proposed Order)(Shelley, Anthony) (Entered: 09/23/2013) |
| 09/24/2013 | | | MINUTE ORDER granting 38 Motion for Extension of Time to File Response re 37 MOTION to Dismiss . It is hereby ORDERED that the motion is GRANTED and that Plaintiff shall have up to and including 11/14/13 to file his response to Defendants' motion to dismiss. Signed by Judge Richard J. Leon on 9/24/13. (lcrjl1, ) (Entered: 09/24/2013) |
| 11/06/2013 | 39 | ☐ | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. WILLIAM WINTERS served on 5/20/2013 (Attachments: # 1 Affidavit Signature Page, # 2 Exhibit Att. 1 - ICE Letter, # 3 Exhibit Att. 2 - Certified Mail Package to A. Halchak, # 4 Exhibit Att. 3 - USPS Track & Confirm Report, # 5 Exhibit Att. 4 - Email with Certified Mail Package to A. Halchak)(Shelley, Anthony) (Entered: 11/06/2013) |
| 11/07/2013 | | | NOTICE OF ERROR re 39 Summons Returned Executed as to Federal Defendant; emailed to ashelley@milchev.com, cc'd 6 associated attorneys -- The PDF file you docketed contained errors: 1. In future, documents served do not need to be included with the return of service; Do not refile. (znmw, ) (Entered: 11/07/2013) |
| 11/08/2013 | 40 | ☐ | Consent MOTION for Extension of Time to File Response/Reply as to 37 MOTION to Dismiss by ANTOINE JONES (Attachments: # 1 Text of Proposed Order)(Shelley, Anthony) (Entered: 11/08/2013) |
| 11/11/2013 | | | |

# JA11

USCA Case #14-5257          Document #1560074          Filed: 06/30/2015          Page 14 of 52

| | | | MINUTE ORDER granting 40 Motion for Extension of Time to File Response re 37 MOTION to Dismiss . It is hereby ORDERED that plaintiff's motion is GRANTED and plaintiff's response is due by 12/16/2013. Signed by Judge Richard J. Leon on 11/11/2013. (lcrjl1, ) (Entered: 11/11/2013) |
|---|---|---|---|
| 11/21/2013 | 41 | ☐ | AFFIDAVIT of Due Diligence by ANTOINE JONES. (Shelley, Anthony) (Entered: 11/21/2013) |
| 12/16/2013 | 42 | ☐ | Memorandum in opposition to re 37 MOTION to Dismiss filed by ANTOINE JONES. (Attachments: # 1 Exhibit 1 - Jan. 22, 2013 email, # 2 Exhibit 2 - Feb. 12, 2013 email, # 3 Exhibit 3 - Feb. 12, 2013 email at 12:12pm, # 4 Exhibit 4 - Feb. 27, 2013 email, # 5 Exhibit 5 - May 2, 2013 email, # 6 Exhibit 6 - May 2, 2013 email at 10:21am, # 7 Text of Proposed Order)(Shelley, Anthony) (Entered: 12/16/2013) |
| 12/18/2013 | 43 | ☐ | Consent MOTION for Extension of Time to File Reply in Support of Motion to Dismiss by KATE BEATON, TECHNICIAN BROOK, KEVIN BUTTS, KATERINA GIKAS, NORMA HORNE, GREGG HORNER, SERGHY KALUZNY, STEVE KIRCHNER(D.C. MPD Detective), JOSEPH LOWERY, ANGELA MCCRAVY, BRIAN MUMFORD, STEPHEN NAUGLE, KELLIE OBRIEN, TIMOTHY PAK, MICHAEL G SHARPE, JON SNOW, JOSEPH SOPATA(D.C. MPD Detective), WILLIAM WINTERS, JARED WISE, KEVIN WOLF, STEPHANIE YANTA (Attachments: # 1 Proposed Order)(Simon, Jeremy) (Entered: 12/18/2013) |
| 12/19/2013 | | | MINUTE ORDER granting 43 Motion for Extension of Time. It is hereby ORDERED that the motion is GRANTED, and defendants' reply in support of 37 Motion to Dismiss is due 1/30/2014. Signed by Judge Richard J. Leon on 12/19/2013. (lcrjl1, ) (Entered: 12/19/2013) |
| 12/20/2013 | | | Set/Reset Deadlines: Reply to Dispositive Motions due by 1/30/2014. (tb, ) (Entered: 12/20/2013) |
| 01/30/2014 | 44 | ☐ | REPLY to opposition to motion re 37 MOTION to Dismiss filed by KATE BEATON, TECHNICIAN BROOK, KEVIN BUTTS, KATERINA GIKAS, NORMA HORNE, GREGG HORNER, SERGHY KALUZNY, STEVE KIRCHNER(D.C. MPD Detective), JOSEPH LOWERY, ANGELA MCCRAVY, BRIAN MUMFORD, STEPHEN NAUGLE, KELLIE OBRIEN, TIMOTHY PAK, MICHAEL G SHARPE, JON SNOW, JOSEPH SOPATA(D.C. MPD Detective), WILLIAM WINTERS, JARED WISE, KEVIN WOLF, STEPHANIE YANTA. (Simon, Jeremy) (Entered: 01/30/2014) |
| 09/08/2014 | 45 | ☐ | MEMORANDUM AND OPINION, Signed by Judge Richard J. Leon on 9/6/2014. (hs) (Entered: 09/08/2014) |
| 09/08/2014 | 46 | ☐ | ORDER; granting 37 Motion to Dismiss, Signed by Judge Richard J. Leon on 9/6/2014. (hs) (Entered: 09/08/2014) |
| 10/08/2014 | 47 | ☐ | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 46 Order on Motion to Dismiss, 45 Memorandum & Opinion by ANTOINE JONES. |

# JA12

| | | | Filing fee $ 505, receipt number 0090-3865821. Fee Status: Fee Paid. Parties have been notified. (Shelley, Anthony) (Entered: 10/08/2014) |
|---|---|---|---|
| 10/09/2014 | 48 | ☐ | Transmission of the Notice of Appeal, Order Appealed, and Docket Sheet to US Court of Appeals. The Court of Appeals fee was paid this date re 47 Notice of Appeal to DC Circuit Court. (znmw, ) (Entered: 10/09/2014) |
| 10/20/2014 | | | USCA Case Number 14-5257 for 47 Notice of Appeal to DC Circuit Court filed by ANTOINE JONES. (kb) (Entered: 10/20/2014) |
| 01/15/2015 | 49 | ☐ | ORDER that Plaintiff shall show cause in writing within 30 days of this Order why this action should not be dismissed for failure to serve pursuant to Federal Rule of Civil Procedure 4(m); and it is further ORDERED that failure to file a timely response may result in dismissal of this action. Signed by Judge Richard J. Leon on 01/14/2015. (jth) (Entered: 01/15/2015) |
| 02/10/2015 | 50 | ☐ | RESPONSE TO ORDER TO SHOW CAUSE by ANTOINE JONES re 49 Order to Show Cause, . (Shelley, Anthony) (Entered: 02/10/2015) |
| 02/10/2015 | 51 | ☐ | Consent MOTION to Dismiss *Voluntarily, Remaining Claims with Prejudice and for Entry of Final Judgment* by ANTOINE JONES (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order) (Shelley, Anthony) (Entered: 02/10/2015) |
| 02/18/2015 | 52 | ☐ | ORDER: Upon consideration of the plaintiff's 51 Consent Motion to Voluntary Dismissal of Remaining Claims With Prejudice and For Entry of Final Judgment; it is hereby ordered that the motion is GRANTED and the claims in the Amended Complaint against Unknown F.B.I Swat Team Members, " Unknown I.C.E Agents and "I.C.E. Agent Fred (unknown last name ) are DISMISSED WITH PREJUDICE. The Clerk is directed to enter judgment pursuant to Rule 58.. Signed by Judge Richard J. Leon on 02/15/15. (tb, ) (Entered: 02/20/2015) |
| 02/25/2015 | 53 | ☐ | CLERK'S JUDGMENT in favor of defendants against plaintiff. SO ORDERED - Judge Richard J. Leon on 02.25.15. (tb, ) (Entered: 02/25/2015) |
| 03/26/2015 | 54 | ☐ | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 53 Clerk's Judgment, 46 Order on Motion to Dismiss, 45 Memorandum & Opinion by ANTOINE JONES. Filing fee $ 505, receipt number 0090-4036627. Fee Status: Fee Paid. Parties have been notified. (Shelley, Anthony) (Entered: 03/26/2015) |
| 03/27/2015 | 55 | ☐ | Transmission of the Notice of Appeal, Order Appealed, and Docket Sheet to US Court of Appeals. The Court of Appeals fee was paid this date re 54 Notice of Appeal to DC Circuit Court. (znmw, ) (Entered: 03/27/2015) |
| 03/31/2015 | | | USCA Case Number 15-5088 for 54 Notice of Appeal to DC Circuit Court, filed by ANTOINE JONES. (md, ) (Entered: 03/31/2015) |

# JA13

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **ANTOINE JONES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 12-cv-1334 (RJL)** |
| | ) | |
| **STEVE KIRCHNER,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION
### (September ___, 2014) [Dkt. #37]

Plaintiff Antoine Jones is currently incarcerated and serving a fifteen year
sentence on a drug-related charge. Defs.' Mem. in Support of Mot. to Dismiss at 5 [Dkt.
#37] ("Defs.' Mem."). In this civil suit, he alleges that a number of government officials
violated his Fourth Amendment rights during searches and seizures that precipitated his
arrest and ultimate incarceration. Defendants Steve Kirchner, Joseph Sopata, and Norma
Horne are District of Columbia Municipal Police Department ("MPD") detectives. Am.
Compl. ¶ 3 [Dkt. #4]. Defendants Stephen Naugle, Kelli O'Brien, Stephanie Yanta, Jon
Snow, Gregg Horner, Joseph Lowery, Angela McCravy, Brian Mumford, Timothy Pak,
Jared Wise, Serghy Kaluzny, Kevin Wolf, and Kate Beaton are Federal Bureau of
Investigation ("FBI") agents. *Id.* ¶ 4. Defendant Brooks is an FBI technician.[1] *Id.* ¶ 5.
Defendants Katerina Gikas, Kevin Butts, Fred (last name unknown), Michael G. Sharpe,

---

[1] The complaint does not name Technician Brooks's first name, but defendants do not argue that Brooks
has not been served. *See* Defs.' Mem. at 3.

1

**JA14**

and William Winters are United States Immigration and Customs Enforcement ("ICE") agents and/or employees. *Id.* ¶¶ 6-8. The Amended Complaint also names unknown FBI and ICE agents. *Id.* ¶¶ 4, 6. All defendants are sued in their individual capacities. *Id.* ¶¶ 3-8.

The named defendants move to dismiss the complaint on a number of grounds. Defs.' Mot. to Dismiss [Dkt. #37] ("Defs.' Mot."); Defs.' Mem. Upon consideration of the pleadings, relevant law, and the entire record therein, defendants' motion to dismiss is GRANTED.

## BACKGROUND

Six events leading up to Mr. Jones's arrest and incarceration form the basis of this Amended Complaint. As alleged, the first three events involve ICE agents operating out of a field office in Baltimore, Maryland. Am. Compl. ¶¶ 12-19; Defs.' Mot. at 5. On February 8, 2004, defendants Winters, Butts, Fred (last name unknown), and unknown ICE agents entered an apartment Mr. Jones was leasing on Summit Circle in Largo, Maryland. Am. Compl. ¶ 12. Approximately one week later, the ICE agents returned and again entered the apartment. *Id.* At neither time did the ICE agents obtain a search warrant for the apartment. *Id.*

Mr. Jones alleges that, in early February, 2004, defendants Gikas, Winters, Butts, Sharpe, Fred (last name unknown) and unknown ICE agents entered and searched a warehouse Mr. Jones was leasing on Hampton Park Boulevard in Capitol Heights, Maryland. Am. Compl. ¶ 15. The agents did not have a warrant. *Id.* In addition, on March 5, 2004, unknown ICE agents attached a GPS tracking device to a white box truck

2

**JA15**

registered to Mr. Jones. *Id.* ¶ 18. The agents monitored the truck through July 7, 2004,
and did not have a warrant. *Id.*

The other three events involve a joint task force comprised of MPD officers and
FBI agents. *Id.* ¶¶ 11, 20-30. On October 24, 2005, unknown FBI SWAT team members
entered Club Levels, a Washington, D.C., nightclub, pursuant to a federal search warrant.
*Id.* ¶ 20. The agents destroyed the club's front door and shot smoke bombs and
concussion grenades into the club, seriously damaging the interior. *Id.* At the time, Mr.
Jones owned Levels Entertainment Corporation, which operated Club Levels. *Id.* ¶ 2. He
spent thousands of dollars on repairs. *Id.* ¶ 20.

That same day, defendants Sopata, Naugle, Snow, Horner, Lowery, McCravy,
Mumford, Pak, Wise, Kaluzny, Wolf, and Beaton entered and searched the home in
which Mr. Jones resided with his wife, located on Moore Street in Waldorf, Maryland.
*Id.* ¶ 23. The government had obtained a search warrant authorizing a search between
6:00 a.m. and 10:00 p.m., but defendants entered the house at 4:45 a.m. using an
unauthorized key and without knocking and announcing. *Id.* ¶¶ 23, 25-26. Defendants
encountered Mr. Jones and his wife naked in their upstairs bedroom, and pointed guns at
the couple's heads. *Id.* ¶ 23. Defendants seized approximately 30 to 40 boxes of Mr.
Jones's personal property that was not listed on the attachment to the warrant. *Id.*

**JA16**

On September 27, 2005,[2] defendant Brooks attached a GPS tracking device to a

Jeep Grand Cherokee registered to Mr. Jones's wife. *Id.* ¶ 29. Mr. Jones was the primary

driver of the vehicle. *Id.* The government had a warrant to attach the tracking device

within ten days and within the District of Columbia, but attached it on the eleventh day

and in Maryland. *Id.* Defendants Kirchner, Yanta, Naugle, O'Brien, Horne, and Sopata

tracked the vehicle for 28 days. *Id.*

Mr. Jones was arrested on October 24, 2005, and has been incarcerated since that

time. *Id.* ¶¶ 31, 33. He was indicted in this court on conspiracy to distribute and possess

with intent to distribute 5 kilograms or more of cocaine and 50 kilograms or more of

cocaine base. *Id.* ¶ 31. Mr. Jones's criminal case proceeded before my colleague, Judge

Huvelle. His first trial resulted in a hung jury and mistrial; he was subsequently

convicted in a second trial and sentenced to life imprisonment. *Id.; see generally* Docket,

*United States v. Jones*, No. 05-cr-386. Mr. Jones successfully appealed his conviction.

In 2010, our Circuit Court held that the defendants' warrantless use of a GPS tracking

device attached to the Jeep Grand Cherokee violated Mr. Jones's Fourth Amendment

rights, and that the evidence derived therefrom was not harmless. *United States v.*

*Maynard,* 615 F.3d 544, 555-568 (D.C. Cir. 2010). The United States Supreme Court

affirmed in 2012. *United States v. Jones*, 132 S. Ct. 945 (2012). Upon remand, Mr.

Jones's third trial again resulted in a hung jury and mistrial. Docket Entry, *United States*

*v. Jones*, No. 05-cr-386 (Mar. 4, 2013). Before he faced trial for a fourth time, Mr. Jones

---

[2] The Amended Complaint states the date as "September 27, 2007," which clearly is a typographical error, as Mr. Jones has been incarcerated since October 24, 2005. Am. Compl. ¶¶ 29, 33; Defs.' Mot. at 4 n.5.

**JA17**

pled guilty to conspiracy to distribute and possess with intent to distribute 5 kilograms or more of cocaine. Plea Agreement, *United States v. Jones*, No. 05-cr-386 (May 1, 2013), ECF. No. 748. On May 1, 2013, Judge Huvelle sentenced him to fifteen years in prison. Docket Entry, *United States v. Jones*, No. 05-cr-386 (May 1, 2013).

This is *not* the first civil action Mr. Jones has brought arising out of the searches that led to his criminal convictions. During the summer of 2007, he filed four separate complaints relating to the GPS monitoring of the Jeep Grand Cherokee and the searches of the Summit Circle apartment, the Hampton Park warehouse, Club Levels, and the Moore Street residence. Am. Compl. ¶ 36 (Case Nos. 07-cv-1063, 07-cv-1068, 07-cv-1172, and 07-cv-1300). This Court dismissed those complaints pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), which does not allow a plaintiff to recover on civil claims that, if proven, would render a criminal conviction invalid. *Id.*; *see, e.g.*, *Jones v. Kirchner*, No. 07-cv-1063, 2008 WL 2202220 (D.D.C. May 27, 2008); *Jones v. Horne*, No. 07-cv-1300, 2008 WL 2202375 (D.D.C. May 27, 2008). In addition to his own lawsuits, Mr. Jones's wife and son also brought civil suits arising out of the Moore Street residence search and the GPS device placement on the Jeep Grand Cherokee.[3] Defs.' Mem. at 32 (Case Nos. 07-cv-1994 and 07-cv-1996).

As described above, the Supreme Court affirmed the overturning of Mr. Jones's conviction in 2012. After that decision but prior to his guilty plea, Mr. Jones moved to re-open his earlier civil actions that had been dismissed under *Heck*, which I denied as

---

[3] Mr. Jones's mother-in-law also filed a civil suit arising out of different searches. *See* Complaint, *Johnson v. Yanta*, No. 07-cv-1995 (Nov. 6, 2007), ECF No. 1-2.

5

**JA18**

untimely. *See* Mem. Order, *Jones v. Horne*, No. 07-cv-1300 (Sept. 19, 2013), ECF No.

51. At the same time, Mr. Jones filed a new consolidated action, which is now before

this Court. In his Amended Complaint, Mr. Jones asserts six claims that his Fourth

Amendment rights were violated, one corresponding to each of the six searches described

above.[4] Am. Compl. ¶¶ 40-66. He requests compensatory and punitive damages. *Id.* at

15. Defendants move to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2),

12(b)(3), 12(b)(4), 12(b)(5), and 12(b)(6), with the specific grounds varying by claim.

Defs.' Mot.; Defs.' Mem.

## LEGAL STANDARD

### I.    12(b)(2)

The Court may dismiss a complaint for lack of personal jurisdiction under Federal

Rule of Civil Procedure 12(b)(2). Once challenged, a plaintiff bears the burden of

establishing a factual basis for exercising personal jurisdiction over the defendants.

*Crane v. N.Y. Zoological Soc.*, 894 F.2d 454, 456 (D.C. Cir. 1990). A plaintiff must

plead specific facts that give rise to jurisdiction and cannot rely on conclusory

allegations. *Robinson v. Ashcroft*, 357 F. Supp. 2d 146, 148 (D.D.C. 2004). The court is

not obligated to treat a plaintiff's allegations as true, and instead may receive and

consider affidavits and other relevant matter in determining jurisdiction. *See United*

*States v. Philip Morris, Inc.*, 116 F. Supp. 2d 116, 120 n.4 (D.D.C. 2000). However, the

---

[4] The claims are as follows: Claim I, Search of Summit Circle apartment, Am. Compl. ¶¶ 40-43; Claim II, Search of Hampton Park warehouse, *id.* ¶¶ 44-47; Claim III, GPS search of white box truck, *id.* ¶¶ 48-52; Claim IV, Destruction of property at Club Levels, *id.* ¶¶ 53-56; Claim V, Search of Moore Street residence, *id.* ¶¶ 57-61; Claim VI, GPS search of Jeep Grand Cherokee, *id.* ¶¶ 62-66.

**JA19**

court must resolve any factual discrepancies in the plaintiff's favor. *Crane*, 894 F.2d at 456.

## II.    12(b)(6)

Under Rule 12(b)(6), a court must dismiss a plaintiff's complaint if it does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'— 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

When analyzing a plaintiff's claims, the Court must "treat the complaint's factual allegations as true" and "grant plaintiff the benefit of all inferences that can be derived from the facts alleged." *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000) (internal quotation marks omitted). But "the court need not accept inferences drawn by plaintiff[] if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept legal conclusions cast in the form of factual allegations." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). Finally, the court "may consider only the facts alleged in the complaint, any documents

7

**JA20**

either attached to or incorporated in the complaint and matters of which [the court] may take judicial notice." *E.E.O.C. v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997).

## ANALYSIS

### I.    Claims I and II

The named ICE defendants argue that all claims against them must be dismissed because this Court lacks personal jurisdiction. Defs.' Mem. at 20-21; Defs.' Reply in Support of Mot. to Dismiss at 1-7 ("Defs.' Reply") [Dkt. # 44]. The "Jurisdiction" section of the Amended Complaint addresses only subject matter jurisdiction, not personal jurisdiction, Am. Compl. ¶ 9, so I must look to the specific facts alleged elsewhere in the Amended Complaint.

Mr. Jones does not contend that any of the ICE defendants are residents of or maintain a place of business in the District of Columbia such that the Court would have general personal jurisdiction under D.C. Code § 13-422. Instead, Mr. Jones argues he has pled facts sufficient to establish specific personal jurisdiction over the named ICE defendants for the claims at issue, Claims I and II. Pl.'s Mem. in Opp'n to Defs.' Mot. to Dismiss at 12-15 ("Pl.'s Opp'n") [Dkt. # 42].

"To establish personal jurisdiction over a non-resident, a court must engage in a two-part inquiry: A court must first examine whether jurisdiction is applicable under the state's long-arm statute and then determine whether a finding of jurisdiction satisfies the constitutional requirements of due process." *GTE New Media Servs. Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1347 (D.C. Cir. 2000). Mr. Jones rests his jurisdictional argument

on one subsection of the District of Columbia's specific jurisdiction long-arm statute, which provides that a "District of Columbia court may exercise personal jurisdiction over a person . . . as to a claim for relief arising from the person's . . . (1) transacting any business in the District of Columbia." D.C.Code § 13–423(a); *see* Pl.'s Opp'n. at 12. Our Circuit has interpreted this provision as providing for jurisdiction "to the full extent allowed by the Due Process Clause [such that] the statutory and constitutional jurisdictional questions . . . merge into a single inquiry." *Thompson Hine, LLP v. Taieb*, 734 F.3d 1187, 1189 (D.C. Cir. 2013) (internal quotation marks omitted).    Jurisdiction over a defendant comports with due process when there are "minimum contacts" between the defendant and the forum, *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945), "such that he should reasonably anticipate being haled into court there," *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980).

The ICE defendants were based out of a Baltimore, Maryland, field office.  Mot. to Dismiss, Ex. 2 [Dkt. #37-4].  Both of the searched locations at issue in Claims I and II—the Summit Circle apartment and the Hampton Park warehouse—are located in Maryland.  Am. Compl. ¶¶ 12, 15.  Clearly, these facts alone do not bring the ICE defendants under this Court's jurisdiction.  Mr. Jones argues that the ICE defendants' "'business' was their investigation of Jones, which included tracking and studying Jones's activities in the District of Columbia."  Pl.'s Opp'n at 13.  For this, he appears to rely on the activities underlying Claim III—the attaching of a GPS tracking device to his truck. *See id.*

9

**JA22**

There are a number of flaws with plaintiff's argument. To begin, the paragraphs of the Amended Complaint that plaintiff cites as support for the claim that ICE agents tracked Jones's car in D.C. do not refer to the District at all. Am. Compl. ¶¶ 18-19. Even assuming that Mr. Jones is correct in his opposition when he contends that ICE agents monitored movement in Maryland and the District of Columbia, his allegations still do not confer jurisdiction over the named ICE defendants.

Specific ICE defendants are named only in Claim I (Summit Circle apartment search) and Claim II (Hampton Park warehouse search) of the Complaint. Am. Compl. ¶¶ 40-47. Claim III (GPS tracking) is alleged against "unknown ICE agents." *Id.* ¶ 49. There is nothing to connect the named ICE defendants to the GPS tracking installation and monitoring. And allegations of a connection would support jurisdiction over defendants only for events arising from that connection—that is, Claim III, not Claims I or II. D.C. Code § 13–423(b) ("When jurisdiction over a person is based solely upon this section, only a claim for relief arising from acts enumerated in this section may be asserted against him.").

Finally, it should be noted that any contacts would be in the ICE defendants' official capacities only. Cases within our Circuit call into serious question whether a court can assert jurisdiction over a defendant in his individual capacity based solely on contacts with a jurisdiction carried out in his official capacity. *See, e.g., Ali v. District of Columbia*, 278 F.3d 1, 7 (D.C. Cir. 2002) (concluding that the D.C. long-arm statute did not cover Virginian officials who communicated with the District of Columbia in their

**JA23**

official capacities); *Ibrahim v. District of Columbia*, 357 F. Supp. 2d 187, 193 (D.D.C. 2004) (applying *Ali*).

To the extent Mr. Jones argues that the Court has jurisdiction because the ICE agents were acting in concert with the FBI and MPD joint task force defendants, *see* Pl.'s Opp'n at 14, he fails for similar reasons. The Amended Complaint does not allege that there was any coordination between the ICE and the joint task force. *See* Am. Compl. ¶ 11 (stating "In 2004, a joint task force of the FBI and the MPD began investigating Plaintiff" with no mention of the ICE agents). And plaintiff's arguments in his opposition brief are conclusory, unsupported, and attempt to push his burden to demonstrate jurisdiction onto the defendants. Pl.'s Opp'n at 14.

Plaintiff also requests jurisdictional discovery to determine whether the ICE agents worked together with the FBI and MPD joint task force. *Id.* "[I]n order to get jurisdictional discovery a plaintiff must have at least a good faith belief that such discovery will enable it to show that the court has personal jurisdiction over the defendant." *Caribbean Broad. Sys., Ltd. v. Cable & Wireless P.L.C.*, 148 F.3d 1080, 1090 (D.C. Cir. 1998). There is no basis for such a belief here. The claims against the ICE agents arise out of events occurring over one year before the events that give rise to the claims against the joint task force defendants, *see* Am. Compl. ¶¶ 12-30, and there is simply nothing to indicate the two groups worked in concert.[5]

---

[5] Testimony by defendant Gikas in a previous case that she and other ICE agents at one point conducted surveillance of Club Levels, *see* Pl.'s Opp'n at 14, does nothing to establish jurisdiction over any ICE defendants—including defendant Gikas—as to Claims I and II, nor does indicate coordination with the FBI/MPD joint task force.

11

**JA24**

Accordingly, the Court does not have personal jurisdiction over the ICE

defendants named in Claims I and II.

## II.    Claim V

Mr. Jones brings Claim V against defendants Sopata, Naugle, Snow, Homer,

Lowery, McCravy, Mumford, Pak, Wise, Kaluzny, Wolf, and Beaton.  Am. Compl.

¶¶ 57-61.  He alleges that the officers who searched the Moore Street residence violated

his Fourth Amendment rights in three ways:  "(1) entering the home during the nighttime

when the warrant authorized only a daytime search; (2) breaking and entering instead of

knocking and announcing their presence; and (3) seizing 30-40 boxes of personal

property not mentioned on the attachment to the warrant."  Pl.'s Opp'n at 33; *see also*

Am. Compl. ¶¶ 57-61.

### A.    Form of Entrance and Seizure

Unfortunately for Mr. Jones, his allegations regarding a failure to knock and

announce and seizure of personal property do not meet the standards for pleading a claim

upon which relief can be granted.  *See generally Iqbal*, 556 U.S. 662; *Twombly*, 550 U.S.

544.  A plaintiff's complaint must "contain sufficient factual matter, accepted as true, to

state a claim to relief that is plausible on its face."  *Iqbal*, 556 U.S. at 678 (internal

quotation marks omitted).  This facial plausibility standard "asks for more than a sheer

possibility that a defendant has acted unlawfully."  *Id.*  Mr. Jones does not plead

sufficient facts to raise his allegations from possibility to plausibility!

Mr. Jones states in his complaint that the officers searching the Moore Street

residence did not knock and announce their presence, and instead unlawfully broke and

## JA25

entered. Am. Compl. ¶¶ 25, 26. However, he also alleges that he and his wife were upstairs in their bedroom when the officers entered. Am. Compl. ¶ 23. Based on the facts alleged, the court may infer that Mr. Jones did not *hear* a knock and announce, but no more. The complaint's contention that the officers did not knock and announce is a conclusory allegation that does not state a claim that officers violated a clearly established constitutional right.

Mr. Jones also states in his complaint that the officers seized 30-40 boxes of personal property that were not listed on the attachment to the warrant. Am. Compl. ¶ 27. However, Mr. Jones does not identify what property was seized, describe the scope of the warrant, nor allege how the seized items exceeded that scope. Thus, this allegation, too, is conclusory and does not state facts which, if accepted as true, are sufficient to state a plausible claim for relief.

**B.    Timing of Search**

Mr. Jones also alleges that the officers entered his Moore Street residence at 4:45 a.m. despite the fact that the search warrant the government had obtained authorized entry only during the daytime, from 6:00 a.m. until 10:00 p.m. Am. Compl. ¶ 23. Defendants argue that they are entitled to qualified immunity on this claim. Defs.' Mem. at 34-35. I agree.

A government official facing a § 1983 or *Bivens* action is protected from suit unless the official's conduct violated clearly established law at the time of the alleged

13

**JA26**

wrongdoing.[6] *See Pearson v. Callahan*, 555 U.S. 223, 227 (2009). Qualified immunity shields officials "from civil damages liability as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated." *Anderson v. Creighton*, 483 U.S. 635, 638 (1987). Qualified immunity does not protect "those who knowingly violate the law," *Malley v. Briggs*, 475 U.S. 335, 341 (1986), but a plaintiff may overcome the qualified immunity defense only if "the contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson*, 483 U.S. at 640. Government officials are entitled to immunity for their actions unless "in the light of pre-existing law the unlawfulness [is] apparent." *Id.* at 640.

Mr. Jones raised the search's timing in his criminal case before Judge Huvelle. Def.'s Mot. to Reconsider Mot. to Suppress at 3-5, *United States v. Jones*, No. 05-cr-386 (D.D.C. May 22, 2012), ECF No. 619. In denying that motion, Judge Huvelle explained that "there's a substantial question about whether you have a right to have a warrant executed -- a Fourth Amendment right -- executed at any particular time." Hearing Tr. at 11:16-18, *United States v. Jones*, No. 05-cr-386 (D.D.C. Aug. 10, 2012), ECF. No. 670-5. The Fourth Amendment does not per se prohibit nighttime searches, *Youngbey v. March*, 676 F.3d 1114, 1124 (D.C. Cir. 2012), and plaintiff cites to no cases in the Supreme Court or this Circuit clearly establishing that entry under the circumstances alleged by

---

[6] I need not and do not decide whether Claim V as asserted against defendants Horne, Sopata, and Kirchner are under Bivens or § 1983, *see* Def.'s Mem. at 35 n.24, because the qualified immunity defense is identical in either case, *see Wilson v. Layne*, 526 U.S. 603, 609 (1999).

**JA27**

plaintiff here was unreasonable and a violation of the Fourth Amendment.[7]  Therefore,

the officials who searched the Moore Street residence are protected by qualified

immunity from a claim arising from the timing of the search.

## III.   Claim VI

Mr. Jones alleges that MPD defendants Kirchner, Horne, and Sopata, along with

FBI defendants Brooks, Yanta, Naugle, and O'Brien, violated his Fourth Amendment

rights when they attached a GPS device to his Jeep and tracked the vehicle's movements.

Am. Compl. ¶¶ 62-66.  The defendants argue that qualified immunity protects them from

suit as to this claim.  Defs.'s Mem. at 35-37.  I agree here as well.

As described above, qualified immunity protects officials if "their actions could

reasonably have been thought consistent with the rights they are alleged to have

violated."  *Anderson*, 483 U.S. at 638.  The unlawfulness of their actions must have been

apparent "in the light of pre-existing law" in order to hold officials civilly liable.  *Id.* at

640.

The Claim VI defendants tracked plaintiff's car in 2005.  At that time, it was not

clearly established law that the attaching of a GPS device and using it to track a vehicle's

movements without a warrant was a search that violated the Fourth Amendment.

Although our Circuit later decided that the officers' actions constituted a search protected

by the Fourth Amendment, *United States v. Maynard*, 615 F.3d 544, 555-56 (D.C. Cir.

---

[7] Indeed, our Circuit Court pointed out in *Youngbey* that "the Supreme Court has held that the protections and strictures of the Fourth Amendment are not defined by local law. *See Virginia v. Moore*, 553 U.S. 164, 174, 128 S.Ct. 1598, 170 L.Ed.2d 559 (2008) ('A State is free to prefer one search-and-seizure policy among a range of constitutionally permissible options, but its choice of a more restrictive option does not render the less restrictive ones unreasonable, and hence unconstitutional.')[.]" *Youngbey*, 676 F.3d at 1125-26.

**JA28**

2010), *aff'd in part sub nom. United States v. Jones*, 132 S. Ct. 945 (2012), the

unlawfulness of the conduct was not apparent to the officers at the time.  It is true that an

official action need not previously have been held unlawful in order to fall outside the

protection of qualified immunity.  *Anderson*, 483 U.S. at 640.  But here, based on the

state of the law at the time, the officers could reasonably have thought the attachment of a

GPS device and tracking of a vehicle's movements were consistent with the protections

of the Fourth Amendment.  The opinion on Mr. Jones's original motion to suppress this

evidence in his criminal trial makes this clear.  *United States v. Jones*, 451 F. Supp. 2d

71, 88 (D.D.C. 2006); *see also, e.g., United States v. McIver*, 186 F.3d 1119, 1127 (9th

Cir. 1999) (holding that attaching a tracking device to a vehicle was not a search or

seizure).  Accordingly, defendants are protected by qualified immunity from Claim VI.[8]

## CONCLUSION

For all of the foregoing reasons, Defendants' Motion to Dismiss [Dkt. #37] is

GRANTED and the Amended Complaint is DISMISSED as to the named defendants.

An appropriate Order will accompany this Memorandum Opinion.

RICHARD J. LEON
United States District Judge

---

[8] Two of the six causes of action in this lawsuit have as defendants only "unknown" parties (Counts III and IV).  As a result of Mr. Jones's failure to properly name any defendants in those counts, no defendants have been served and required to assert their defenses to the counts, and this opinion will not address them.

16

**JA29**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANTOINE JONES,                    )
                                  )
            Plaintiff,            )
                                  )
      v.                          )        Case No. 12-cv-1334 (RJL)
                                  )
STEVE KIRCHNER, *et al.*,         )
                                  )
            Defendants.           )

ORDER

For the reasons set forth in the Memorandum Opinion entered this date, it is this

6ᵀ day of September, 2014, hereby

**ORDERED** that Defendants' Motion to Dismiss [Dkt. #37] is **GRANTED**; it is

further

**ORDERED** that the Amended Complaint [Dkt. #4] is **DISMISSED** as to the

named defendants.

**SO ORDERED.**

_____
RICHARD J. LEON
United States District Judge

**JA30**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANTOINE JONES )
)
Plaintiff )
)
v. )    No. 12-cv-01334 (RJL)
)
STEVE KIRCHNER, *et al.,* )
)
Defendants. )

**FILED**

FEB 1 8 2015

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

**ORDER**

Upon consideration of Plaintiff's Consented Motion for Voluntary Dismissal of

Remaining Claims with Prejudice and for Entry of Final Judgment, and for good cause shown, it

is:

ORDERED that Plaintiff's Motion hereby is GRANTED and the claims in the Amended

Complaint against "Unknown F.B.I. Swat Team Members," "Unknown I.C.E. Agents," and

"I.C.E. Agent Fred (last name unknown)" are dismissed with prejudice.

The Clerk is directed to enter Judgment pursuant to Rule 58.

DATED: February 15, 2015

The Honorable Richard J. Leon
United States District Court Judge

**JA31**

Civil Judgment (Rev. 7/95)

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**ANTOINE JONES**
    Plaintiff

    v.

Civil Action No. 12-1334 ( RJL)

**STEVE KIRCHNER,** *et al*
    Defendant

**FILED**

FEB 2 5 2015

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## JUDGMENT
### FOR THE PETITIONER

Pursuant to the Court's Order filed February 18, 2015, the Clerk is directed to enter

judgment in favor of the defendants against the plaintiff.


**IT IS ORDERED, ADJUDGED AND DECREED** that judgment is entered in favor of

the defendants **STEVE KIRCHNER, et al** against the plaintiff **ANTOINE JONES**.


ANGELA CEASAR, Clerk


Dated: February 25, 2015

By:_____
    Tim Bradley, Deputy Clerk


**JA32**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTOINE JONES<br>DCDC No. 241912<br>1901 D Street, SE<br>Washington, DC 20003,<br><br>            Plaintiff<br><br>    v.<br><br>STEVE KIRCHNER in his individual capacity, JOSEPH SOPATA in his individual capacity, STEPHEN NAUGLE in his individual capacity, JON SNOW in his individual capacity, GREGG HORNER in his individual capacity, JOSEPH LOWERY in his individual capacity, ANGELA MCCRAVY in her individual capacity, BRIAN MUMFORD in his individual capacity, TIMOTHY PAK in his individual capacity, JARED WISE in his individual capacity, SERGHY KALUZNY in his individual capacity, KEVIN WOLF in his individual capacity, KATE BEATON in her individual capacity, TECHNICIAN BROOKS in his individual capacity, KATERINA GIKAS in her individual capacity, WILLIAM WINTERS in his individual capacity, KEVIN BUTTS in his individual capacity, MICHAEL G. SHARPE in his individual capacity, I.C.E. AGENT FRED (LAST NAME UNKNOWN) in his individual capacity, UNKNOWN I.C.E. AGENTS in their individual capacities, KELLI O'BRIEN in her individual capacity, NORMA HORNE in her individual capacity, STEPHANIE YANTA in her individual capacity, and UNKNOWN F.B.I. SWAT TEAM MEMBERS in their individual capacity,<br><br>            Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  **NO. 1:12-CV-01334 (RJL)**<br>)<br>)  **AMENDED COMPLAINT**<br>)<br>)  **JURY TRIAL DEMANDED**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**JA33**

**NATURE OF THE ACTION**

1.      Plaintiff Antoine Jones files this amended complaint against Defendants pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), and 42 U.S.C. § 1983, for deprivations of his Fourth Amendment rights to freedom from unreasonable searches and seizures.

**PARTIES**

2.      At all times relevant to this complaint prior to his incarceration, Plaintiff was a small business owner who resided in Maryland and owned and operated Levels Entertainment Corporation, which operated a nightclub that was located at 1960 Montana Avenue NE, Washington, DC 20002 ("Club Levels").

3.      Defendants Steve Kirchner, Joseph Sopata, and Norma Horne are District of Columbia Municipal Police Department ("MPD") detectives and are sued in their individual capacities.

4.      Defendants Stephen Naugle, Kelli O'Brien, Stephanie Yanta, Jon Snow, Gregg Horner, Joseph Lowery, Angela McCravy, Brian Mumford, Timothy Pak, Jared Wise, Serghy Kaluzny, Kevin Wolf, Kate Beaton, and unknown FBI SWAT team members are Federal Bureau of Investigation ("FBI") agents.  They are sued in their individual capacities.

5.      Defendant Brooks is an FBI technician.  He is sued in his individual capacity.

6.      Defendants Katerina Gikas, Kevin Butts, Fred (last name unknown) and unknown ICE agents are United States Immigration and Customs Enforcement ("ICE") agents.  They are sued in their individual capacities.

7.      Defendant Michael G. Sharpe is an ICE canine enforcement officer.  He is sued in his individual capacity.

**JA34**

8.     Defendant William Winters is an ICE supervisor.  He is sued in his individual capacity.

**JURISDICTION**

9.     Jurisdiction is founded upon 28 U.S.C. § 1331 (federal question) because Plaintiff brings this action against the District of Columbia Defendants under 42 U.S.C. § 1983, and against the federal Defendants under *Bivens*, to vindicate rights established by the United States Constitution.

**VENUE**

10.    Venue lies in this judicial district pursuant to 28 U.S.C. § 1391(b), (c), and (e).

**FACTUAL BACKGROUND**

11.    In 2004, a joint task force of the FBI and the MPD began investigating Plaintiff on suspicion of narcotics violations.  The investigation resulted in searches and arrests on October 24, 2005, including the arrest of the Plaintiff.  The events forming the basis of this complaint, however, began as early as February 8, 2004, with the warrantless search of an apartment leased by Plaintiff.

**a.  Search of the Summit Circle Apartment**

12.    On February 8, 2004, Defendant ICE agents Winters, Butts, Fred (last name unknown), and unknown ICE agents broke into an apartment leased by Plaintiff, located at 9719 Summit Circle, Largo, MD 20774 (the "Apartment") without a warrant.  Approximately one week later, Defendant ICE agents returned, again without a warrant, and paid maintenance employee Nate Richburg two hundred fifty dollars ($250.00) to allow them entry into the Apartment.  At an evidentiary hearing held on November 6, 2007, Defendant Winters testified that at no point did the Defendant ICE agents obtain a search warrant for the Apartment.

**JA35**

13.    As a current tenant at the time of the search, Plaintiff had a Fourth Amendment privacy interest in the Summit Circle Apartment such that a warrant would generally be required for a search of the premises.    There were no exigent circumstances to justify the agents' warrantless entry into the Apartment on either day.    In fact, no one was present in the Apartment when Defendant ICE agents entered on either day.

14.    Defendants Winters, Butts, Fred (last name unknown) and unknown ICE agents acted in knowing violation of, or with reckless indifference to and deliberate disregard for, Plaintiff's constitutional rights when they searched the Summit Circle Apartment during Plaintiff's tenancy without a warrant.

### b.    Search of the Warehouse

15.    In early February 2004, Defendant ICE agents Gikas, Winters, Butts, Sharpe, Fred (last name unknown) and unknown ICE agents entered and searched a warehouse leased by Plaintiff located at 400 Hampton Park Boulevard, Capitol Heights, MD 20743 (the "Warehouse") without a warrant.

16.    As a current tenant at the time of the search, Plaintiff had a Fourth Amendment privacy interest in the Warehouse such that a warrant would generally be required for a search of the premises.    ICE documents indicate that the search occurred after Plaintiff vacated the Warehouse on April 30, 2004.    However, photographs taken by Defendant ICE agents during the search demonstrate that the search occurred during Plaintiff's tenancy.    For example, a permanent pegboard that was installed in the Warehouse in late February 2004 is not depicted in the photographs.    The photographs also do not depict a window that was cut into the wall between the office and remaining warehouse area before Plaintiff's lease terminated.    In addition, the photographs depict items that Plaintiff removed when he vacated the Warehouse at

4

the end of his lease, again demonstrating that the search occurred during Plaintiff's tenancy of the Warehouse.

17.      There were no exigent circumstances to justify the warrantless search of the Warehouse. Defendants Gikas, Winters, Butts, Sharpe, Fred (last name unknown), and unknown ICE agents acted in knowing violation of, or with reckless indifference to and deliberate disregard for, Plaintiff's constitutional rights when they searched the Warehouse without a warrant during Plaintiff's tenancy.

### c.      Global-Positioning-System ("GPS") Search of the Truck

18.      On March 5, 2004, Defendant unknown ICE agents attached a GPS tracking device to a white box truck registered in Plaintiff's name (the "Truck") without a warrant. The agents monitored the Truck using the GPS tracking device for four months, from March 5, 2004 through July 7, 2004.

19.      The installation of the GPS tracking device on the Truck constituted a search for Fourth Amendment purposes.  Exigent circumstances did not exist to justify the warrantless installation of the GPS or its use as a tracking device for four months.  Defendant unknown ICE agents acted in knowing violation of, or with reckless indifference to and deliberate disregard for Plaintiff's constitutional rights when they installed the GPS on the Truck without a warrant.

### d.      Destruction of Property at Club Levels

20.      On October 24, 2005, unknown members of an FBI SWAT team destroyed the front door of Club Levels upon entering the club pursuant to a federal search warrant.  The SWAT team shot smoke bombs and concussion grenades into the club, destroying the interior and permanently imbuing the carpet and furniture with the smell of smoke.  The SWAT team caused this destruction despite the fact that a task force camera monitoring Club Levels did not

5

**JA37**

record anyone entering the club that day.  Plaintiff spent thousands of dollars to replace the carpet, furniture and interior of the club.  This destruction was purposeful: Defendant FBI SWAT team members could not reasonably have believed that launching smoke bombs and concussion grenades into the club would not cause damage to the interior, or was necessary to conduct the search.

21.     The Fourth Amendment prohibits the unreasonable destruction of property in the course of a lawful search.  Defendant FBI SWAT team members violated Plaintiff's Fourth Amendment rights by launching smoke bombs and concussion grenades into Club Levels, causing damage to the interior, when video surveillance showed that no one had entered Club Levels that day or that there otherwise was need for such extreme measures.

22.     Defendant FBI SWAT team members acted in knowing violation of, or with reckless indifference to and deliberate disregard for, Plaintiff's constitutional rights when they destroyed property at Club Levels.

**e.     Search of the Moore Street Residence**

23.     In October 2005, Plaintiff and his wife resided at 10870 Moore Street, Waldorf, Maryland, in a home that they owned (the "Moore Street Residence").  The government obtained a search warrant authorizing a search of the Moore Street Residence only during daytime hours, between 6:00 AM to 10:00 PM.  On October 24, 2005 at approximately 4:45 AM, Defendants MPD detective Sopata and FBI agents Naugle, Snow, Horner, Lowery, McCravy, Mumford, Pak, Wise, Kaluzny, Wolf, and Beaton entered and searched the Moore Street Residence using an unauthorized key to gain entry.  Upon entry, Naugle and other Defendant FBI agents rushed upstairs, pointing guns at Plaintiff's head and Plaintiff's wife's head as they stood naked in their bedroom.  Defendants proceeded to take approximately 30-40 boxes containing personal

**JA38**

property belonging to Plaintiff that was not listed on the attachment to the warrant. Defendants found no evidence of any crime at the Moore Street Residence.

24.     The timing of a search is relevant to its reasonableness under the Fourth Amendment.  Defendant FBI agents and MPD officers conducted their search of the Moore Street Residence at 4:45 AM, outside the time frame authorized by the search warrant, making it unreasonable.

25.     The Fourth Amendment also requires that when executing a search warrant, the police must knock and announce their presence before breaking and entering, absent exigent circumstances.  Knocking and announcing is required to save the occupants of a home from needless shock, embarrassment, and violence.  The use of an unauthorized key in this instance to enter a house constitutes breaking and entering.

26.     The search of the Moore Street Residence did not involve exigent circumstances. At no time did Defendant FBI agents and MPD officer have a constitutionally adequate reason to execute the warrant prior to 6:00 AM and without knocking and announcing.

27.     The Fourth Amendment generally requires that the items seized in a search authorized by a warrant be limited to the items specified in the warrant.  The seizure of 30-40 boxes of personal property not mentioned on the attachment to the warrant unlawfully exceeded the scope of the warrant.

28.     Defendants Sopata, Naugle Snow, Horner, Lowery, McCravy, Mumford, Pak, Wise, Kaluzny, Wolf, and Beaton acted in knowing violation of, or with reckless indifference to and deliberate disregard for, Plaintiff's constitutional rights when they executed the search warrant at night without knocking and announcing and seized 30-40 boxes of personal property belonging to Plaintiff that was not listed on the attachment to the warrant.

f.      **GPS Search of the Jeep Grand Cherokee**

29.    In 2007, Plaintiff was the primary driver of a Jeep Grand Cherokee registered in his wife's name.  A warrant issued by the United States District Court for the District of Columbia authorized installation of the GPS tracking device within ten days and in the District of Columbia.  Defendant Brooks, however, installed the device on the eleventh day, September 27, 2007, and in Maryland.  Defendants Kirchner, Yanta, Naugle, O'Brien, Horne and Sopata then tracked the vehicle's movements for 28 days.  The device recorded the Jeep Grand Cherokee's location within 50 to 100 feet and relayed more than 2,000 pages of data to a government computer within the four-week monitoring period.

30.    The installation of the GPS tracking device on the Jeep Grand Cherokee constituted a search for purposes of the Fourth Amendment.  There were no exigent circumstances to justify the warrantless installation of the device.  Defendants Brooks, Kirchner, Yanta, Naugle, O'Brien, Horne, and Sopata violated Plaintiff's constitutional rights when they installed the GPS tracking device on the Jeep Grand Cherokee without a warrant and tracked Plaintiff's movements using the device for 28 days.  Defendants Brooks, Kirchner, Yanta, Naugle, O'Brien, Horne, and Sopata acted in knowing violation of, or with reckless indifference to and deliberate disregard for Plaintiff's constitutional rights when they installed the GPS on the Jeep Grand Cherokee without a warrant.

g.      **Incarceration**

31.    Based on Defendants' searches described above, the government obtained an indictment charging Plaintiff and others with conspiracy to distribute and possess with intent to distribute 5 kilograms or more of cocaine and 50 kilograms or more of cocaine base, in violation of 21 U.S.C. §§ 841 and 846.  An October 2006 trial produced a hung jury.  In March 2007, a

**JA40**

grand jury returned another indictment charging Plaintiff and others with the same conspiracy. The jury found Plaintiff guilty and the United States District Court for the District of Columbia sentenced Plaintiff to life imprisonment.

32.    On August 6, 2010, the United States Court of Appeals for the District of Columbia Circuit reversed Plaintiff's conviction because Defendants' warrantless use of the GPS tracking device on the Jeep Grand Cherokee had violated Plaintiff's Fourth Amendment rights and the improper introduction of evidence from that tracking was not harmless. *United States v. Maynard*, 615 F.3d 544 (D.C. Cir. 2010). On January 23, 2012, the Supreme Court held that the placement of the GPS tracking device on the Jeep Grand Cherokee without a warrant constituted a search for Fourth Amendment purposes and affirmed the Court of Appeals' reversal of Plaintiff's conviction. *United States v. Jones*, 565 U.S. ___, 132 S. Ct. 945 (2012).

33.    Plaintiff has been incarcerated since October 24, 2005 as a direct and proximate result of Defendants' searches, described above, that violated Plaintiff's constitutional rights.

### h.    Harm to Plaintiff

34.    As a direct and proximate result of Defendants' actions, Plaintiff suffered injuries and damages, including emotional distress, invasion of privacy, shame and humiliation, loss and destruction of property, and loss of income.

35.    Plaintiff also had to spend thousands of dollars to repair Club Levels after it was damaged by the FBI SWAT team and lost profits while the club was unable to open due to the damage.

### PROCEDURAL HISTORY

36.    On June 15, 2007, Plaintiff filed *pro se* complaints in this Court for violations of his civil rights with respect to the GPS monitoring of the Jeep Grand Cherokee and the searches

## JA41

of the Moore Street Residence, the Apartment and the Warehouse. Those complaints were docketed as Nos. 1:07-cv-01172, 1:07-cv-01063, and 1:07-cv-01068. On July 23, 2007, Plaintiff filed a *pro se* complaint in this Court with respect to the search of Club Levels. That complaint was docketed as No. 1:07-cv-01300. On May 27, 2008, the Court issued orders dismissing these complaints pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), on the ground that if the wrongs Plaintiff alleged were proven, it would render his criminal conviction invalid.

37.    On January 31, 2009, Plaintiff filed a "Motion for Leave to File Notice of Appeal *pro se* by Plaintiff" in this Court in one of his *pro se* actions. He argued that dismissal of his claims under *Heck v. Humphrey* was improper because his § 1983 claims, if proven, would not necessarily imply that his criminal conviction was invalid. This Court denied that motion on February 26, 2009, and Plaintiff filed a Notice of Appeal, treated as a *mandamus* petition, requesting review of the denial. In an order dated March 6, 2012, the Court of Appeals affirmed the District Court's denial of Plaintiff's motion for leave to file notice of appeal, but noted "the tension between the district court's [*Heck*] ruling and the Supreme Court's observation in *Heck* that 'a suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction.'" *In re Jones*, 670 F.3d 265, 267 (D.C. Cir. 2012) (*quoting Heck*, 512 U.S. at 487 n.7). The Court of Appeals suggested that, because Plaintiff's criminal conviction has now been invalidated and the *Heck* bar removed, Plaintiff could either file a motion for relief from judgment under Fed. R. Civ. P. 60(b)(5), or could file a new complaint entirely. *Id.* at 268. In response to this guidance, Plaintiff filed a new *pro se* lawsuit, and now, represented by counsel, files the instant amended complaint. Plaintiff is separately moving to re-open and consolidate the earlier *pro se* actions.

38.     Plaintiff is currently facing retrial in his criminal case, No. 1:05-cr-386, before Judge Huvelle.  In that case, Plaintiff has filed a motion to amend/correct his motion to suppress with respect to the search of the Warehouse (Doc. No. 624), which is currently pending before Judge Huvelle.  Plaintiff's motions to suppress evidence resulting from the search of the Moore Street Residence (Doc. No. 619) and from the GPS search of the Truck (Doc. No. 646) were denied.  Plaintiff nevertheless raises Fourth Amendment claims in this case with respect to the search of the Moore Street Residence and the GPS search of the Truck in order to preserve these claims insofar as they are not precluded by Judge Huvelle's rulings in case number 1:05-cr-386 or in the event her rulings are reversed on appeal.

**CLAIMS FOR RELIEF**

39.     Each of the foregoing allegations are re-alleged and incorporated herein by reference.

<u>**CLAIM ONE**</u>

**VIOLATION OF THE FOURTH AMENDMENT**

**(Search of the Apartment)**

40.     Defendants' warrantless searches of the Apartment violated Plaintiff's rights under the Fourth Amendment.

41.     By their direct, personal involvement in the execution of these unauthorized searches, Defendants Winters, Butts, Fred (last name unknown), and unknown ICE agents violated Plaintiff's rights under the Fourth Amendment.

42.     This violation injured Plaintiff in the manner alleged above.

43.     This claim is actionable under *Bivens*.

11

**JA43**

## CLAIM TWO

### VIOLATION OF THE FOURTH AMENDMENT

### (Search of the Warehouse)

44.     Defendants' warrantless search of the Warehouse violated Plaintiff's rights under the Fourth Amendment.

45.     By their direct, personal involvement in the execution of this unauthorized search, Defendants Gikas, Winters, Butts, Sharpe, Fred (last name unknown) and unknown ICE agents violated Plaintiff's rights under the Fourth Amendment.

46.     This violation has injured Plaintiff in the manner alleged above.

47.     This claim is actionable under *Bivens*.

## CLAIM THREE

### VIOLATION OF THE FOURTH AMENDMENT

### (GPS Search of the Truck)

48.     Defendants' installation of a GPS tracking device on the Truck and the use of that device to monitor the Truck's location for four months violated Plaintiff's rights under the Fourth Amendment.

49.     By their direct, personal involvement in installing the GPS tracking device on the Truck, Defendant unknown ICE agents violated Plaintiff's rights under the Fourth Amendment. This violation injured Plaintiff in the manner alleged above.

50.     By their direct, personal involvement in monitoring the location of the Truck after the GPS tracking device was installed, Defendant ICE agents violated Plaintiff's rights under the Fourth Amendment.

51.     This violation injured Plaintiff in the manner alleged above.

## JA44

52.      This claim is actionable under *Bivens*.

## CLAIM FOUR

### VIOLATION OF THE FOURTH AMENDMENT

#### (Destruction of Property at Club Levels)

53.      Defendants FBI SWAT team members unreasonably destroyed property at Club Levels in the execution of a search warrant.

54.      By their direct, personal involvement in unreasonably destroying property at Club Levels, Defendant FBI SWAT team members violated Plaintiff's rights under the Fourth Amendment.

55.      This violation has injured Plaintiff in the manner alleged above.

56.      This claim is actionable under *Bivens*.

## CLAIM FIVE

### VIOLATION OF THE FOURTH AMENDMENT

#### (Search of the Moore Street Residence)

57.      By their direct, personal involvement in breaking and entering into the Moore Street Residence using an unauthorized key without knocking and announcing their presence, Defendants Sopata, Naugle, Snow, Horner, Lowery, McCravy, Mumford, Pak, Wise, Kaluzny, Wolf, and Beaton violated Plaintiff's rights under the Fourth Amendment.

58.      By their direct, personal involvement in executing the search warrant during the nighttime, at 4:45 AM, when the warrant clearly stated it was to be executed between 6:00 AM – 10:00 PM, Defendants Sopata, Naugle, Snow, Horner, Lowery, McCravy, Mumford, Pak, Wise, Kaluzny, Wolf, and Beaton violated Plaintiff's rights under the Fourth Amendment.

**JA45**

59.    By their direct, personal involvement in confiscating 30-40 boxes of personal property belonging to Plaintiff that were not mentioned on the attachment to the warrant, Defendants Sopata, Naugle, Snow, Horner, Lowery, McCravy, Mumford, Pak, Wise, Kaluzny, Wolf, and Beaton violated Plaintiff's rights under the Fourth Amendment.

60.    These violations injured Plaintiff in the manner alleged above.

61.    This claim is actionable as to Defendant Sopata under 42 U.S.C. § 1983 and as to the Defendants Naugle, Snow, Horner, Lowery, McCravy, Mumford, Pak, Wise, Kaluzny, Wolf, and Beaton under *Bivens*.

## CLAIM SIX

### VIOLATION OF THE FOURTH AMENDMENT

### (GPS Search of the Jeep Grand Cherokee)

62.    Defendants attached a GPS tracking device to the Jeep Grand Cherokee Plaintiff customarily drove and did so without a warrant and tracked Plaintiff's movements for 28 days, in violation of Plaintiff's Fourth Amendment rights.

63.    By his direct, personal involvement in attaching the GPS tracking device without a warrant, Defendant Brooks violated Plaintiff's rights under the Fourth Amendment.  This violation injured Plaintiff in the manner alleged above.

64.    By their direct, personal involvement in tracking Plaintiff's movements using the GPS tracking device, Defendants Kirchner, Yanta, Naugle, O'Brien, Horne and Sopata violated Plaintiff's rights under the Fourth Amendment.

65.    This violation injured Plaintiff in the manner alleged above.

66.    This claim is actionable as to Defendants Kirchner, Horne and Sopata under 42 U.S.C. § 1983 and as to Defendants Yanta, Naugle, and O'Brien  under *Bivens*.

## JA46

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A.    ENTER JUDGMENT holding the appropriate Defendants jointly and/or severally liable to Plaintiff for compensatory damages in an amount appropriate to the proof adduced at trial;

B.    ENTER JUDGMENT holding the appropriate Defendants jointly and/or severally liable to Plaintiff for punitive damages on Claims One, Two, Four and Five in an amount appropriate to the proof adduced at trial;

C.    AWARD to Plaintiff his reasonable attorney fees and costs, including expert fees, and interest; and

D.    GRANT any such other and further relief as the Court deems just and proper.

PLAINTIFF DEMANDS A TRIAL BY JURY OF THE CLAIMS IN THIS COMPLAINT.

Respectfully submitted,

/s/ Anthony F. Shelley
Anthony F. Shelley (D.C. Bar. No. 420043)
  *Counsel of Record*
Kathleen Wach (D.C. Bar No. 430049)
MILLER & CHEVALIER CHARTERED
655 Fifteenth Street, N.W., Suite 900
Washington, D.C. 20005-5701
Phone: (202) 626-5800
Facsimile: (202) 626-5801
E-mail: ashelley@milchev.com
          kwach@milchev.com

Arthur B. Spitzer (D.C. Bar No. 235960)
American Civil Liberties Union of the Nation's Capital
4301 Connecticut Avenue, N.W., Suite 434
Washington, D.C. 20008
Phone: (202) 457-0800
Facsimile: (202) 457-0805
E-mail: artspitzer@aclu-nca.org

15

**JA47**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ANTOINE JONES, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | **No. 12-cv-01334 (RJL)** |
| ) | |
| STEVE KIRCHNER, *et al.,* ) | |
| ) | |
| Defendants. ) | |

**NOTICE OF APPEAL**

Notice is hereby given this 8th day of October, 2014, that Plaintiff Antoine Jones hereby

appeals to the United States Court of Appeals for the District of Columbia Circuit the Order

(Docket No. 46) and related Memorandum Opinion (Docket No. 45) of this Court entered on the

8th day of September, 2014 in favor of Defendants and against Plaintiff.

Dated:  October 8, 2014                 Respectfully submitted

                                        /s/ Anthony F. Shelley
Arthur B. Spitzer (D.C. Bar No. 235960)   Anthony F. Shelley (DC Bar No. 420043)
AMERICAN CIVIL LIBERTIES UNION            Kathleen T. Wach (DC Bar No. 430049)
OF THE NATION'S CAPITAL                    Andrew T. Wise (DC Bar No. 456865)
4301 Connecticut Avenue, NW, Suite 434    MILLER & CHEVALIER CHARTERED
Washington, DC 20008                       655 Fifteenth Street, NW, Suite 900
Telephone: 202-457-0800, ext. 1004         Washington, DC 20016
Facsimile: 202-457-0805                     Telephone: 202-626-5800
Email: artspitzer@aclu-nca.org             Facsimile: 202-626-5801
                                           Email:  ashelley@milchev.com
                                           Email:  kwach@milchev.com
                                           Email:  awise@milchev.com

*Counsel for Plaintiff*

**JA48**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ANTOINE JONES, | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | **No. 12-cv-01334 (RJL)** |
| | ) | |
| STEVE KIRCHNER, *et al.,* | ) | |
| Defendants. | ) | |

### SUBSEQUENT NOTICE OF APPEAL

Notice is hereby given that Plaintiff Antoine Jones hereby appeals to the United States Court of Appeals for the District of Columbia Circuit from the Final Judgment (Docket No. 53) entered in this action on February 25, 2015, as well as the orders and decisions merged into that Final Judgment, including the Order (Docket No. 46) and related Memorandum Opinion (Docket No. 45) of this Court entered on September 8, 2014 in favor of Defendants and against Plaintiff and the Order entered on February 20, 2015 directing final judgment in Defendants' favor. Plaintiff Jones previously appealed from the Order (Docket No. 46) and related Memorandum Opinion (Docket No. 45) of this Court entered on September 8, 2014 in favor of Defendants and against Plaintiff.

March 26, 2015

Respectfully submitted

/s/ Anthony F. Shelley

| | |
|---|---|
| Arthur B. Spitzer (D.C. Bar No. 235960) | Anthony F. Shelley (DC Bar No. 420043) |
| AMERICAN CIVIL LIBERTIES UNION | Kathleen T. Wach (DC Bar No. 430049) |
| OF THE NATION'S CAPITAL | Andrew T. Wise (DC Bar No. 456865) |
| 4301 Connecticut Avenue, NW, Suite 434 | MILLER & CHEVALIER CHARTERED |
| Washington, DC 20008 | 655 Fifteenth Street, NW, Suite 900 |
| Telephone: 202-457-0800, ext. 1004 | Washington, DC 20016 |
| Facsimile: 202-457-0805 | Telephone: 202-626-5800 |
| Email: artspitzer@aclu-nca.org | Facsimile: 202-626-5801 |
| | Email: ashelley@milchev.com |

*Counsel for Plaintiff*

## JA49

## CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2015, I electronically filed the foregoing

**JOINT APPENDIX** with the Clerk of Court using the CM/ECF System, which

will send notice of such filing to the following registered CM/ECF users:

> R. Craig Lawrence
> Jeremy S. Simon
> U.S. Attorney's Office – Civil Division
> 555 Fourth Street NW
> Washington, DC 20530
> Email: craig.lawrence@usdoj.gov
> Email: jeremy.simon@usdoj.gov

I also certify that, on June 29, 2015, I will dispatch, within two business

days, by hand-delivery, the requisite SEVEN (7) copies of the **JOINT**

**APPENDIX** to the Clerk of the United States Court of Appeals for the D.C.

Circuit.

/s/ Anthony F. Shelley
Anthony F. Shelley