ORAL ARGUMENT SCHEDULED FOR MARCH 21, 2016

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 14-5257 (consolidated with No. 15-5088)
_____

ANTOINE JONES,                                          Appellant,

v.

STEVE KIRCHNER, *et al.*,                               Appellees.
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
_____

BRIEF FOR APPELLEES
_____

CHANNING D. PHILLIPS,
United States Attorney.

R. CRAIG LAWRENCE,
JEREMY S. SIMON,
Assistant United States Attorneys.

United States Attorney's Office for
the District of Columbia
555 4th Street, N.W.
Washington, D.C.   20530
C.A. No. 12-1334              (202) 252-2528

## CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES

Appellant is Antoine Jones.   Appellees are the defendants who were named in Count V of the Amended Complaint in their individual capacities, specifically, Joseph Sopata, Stephen Naugle, Jon Snow, Greg Horner, Joseph Lowery, Angela McCravy, Brian Mumford, Timothy Pak, Jared Wise, Serghy Kaluzny, Kevin Wolf, and Kate Beaton.

### Rulings Under Review

The ruling at issue is the September 6, 2014 Memorandum Opinion, granting the motion to dismiss as it pertains to Count V of the Complaint, which is the only aspect of the District Court's decision for which Jones seeks review in this action. (Appellant Br. at 11.)   That decision appears in the Joint Appendix at JA 14 to JA 29.

### Related Cases

This case has not previously been before this Court.   Appellees' counsel are aware of no related cases.

# **TABLE OF CONTENTS**

JURISDICTIONAL STATEMENT…………………………………………………..1

STATEMENT OF ISSUES………..……………………………………………….1

COUNTERSTATEMENT OF THE CASE………………………………………..2

COUNTERSTATEMENT OF FACTS…………………………………………….4

    I.     Criminal Proceedings Against Jones…………………………………4

    II.    Jones' 2007 Civil Lawsuits in the United States District Court
           For the District of Columbia………………………………………….7

    III.    Jones' Filing of the Civil Lawsuit at Issue in this Appeal……………9

           A.    Most of Jones' Claims Are Not At Issue In This Appeal
                   (Counts I-IV and VI)…………………………………………10

           B.    Count V of the Amended Complaint…………………………11

PROCEDURAL BACKGROUND…………………………………………………13

SUMMARY OF ARGUMENT…………………………………………………...14

STANDARD OF REVIEW………………………………………………………17

ARGUMENT……………………………………………………………………...17

    I.     Jones' Allegations of an Alleged Failure to Knock-and-Announce
           Are Too Conclusory to State a Claim and Also Are Time Barred….18

A.     The Knock-and-Announce Allegations Are Too Conclusory to State a Claim…………………………………….18

B.     Jones' Knock-and-Announce Claim is Time Barred…………24

II.    The District Court Properly Dismissed Jones' Claim That The Officers Exceeded The Scope of the Warrant………………………29

III.    Jones Failed to Establish That a Clearly Established Right Was Violated Based on the Timing of the Search………………………..31

IV.    Jones Cannot Re-Litigate Issues Adjudicated Against Him In The Criminal Proceeding……………………………………………40

V.    The Complaint Should Be Dismissed To The Extent The Claims Here Would Impugn The Validity Of Jones' Guilty Plea…………..42

CONCLUSION…………………………………………………………………...44

CERTIFICATE OF COMPLIANCE……………………………………………...45

CERTIFICATE OF SERVICE………………………………………………………46

ADDENDUM………………………………………………………………….47-48

iii

# TABLE OF AUTHORITIES

## Federal Cases

*Allen v. McCurry*,
    449 U.S. 90 (1980)...................................................................................41

*Anderson v. Creighton*,
    483 U.S. 635 (1987).................................................................................33

*Arar v. Ashcroft*,
    585 F.3d 559 (2d Cir. 2009)...................................................................19

*\*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)................................................1, 3-4, 13, 15, 17-22, 31

*Atherton v. D.C. Office of the Mayor*,
    567 F.3d 672 (D.C. Cir. 2009) ...............................................................19

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007)............................................................................ 18-19

*Ben-Kotel v. Howard Univ.*,
    319 F.3d 532 (D.C. Cir. 2003) ...............................................................29

*Bivens v. Six Unknown Federal Narcotics Agents*,
    403 U.S. 388 (1971)............................................................ 2, 18, 28, 34

*Bond v. Department of Justice*,
    2013 U.S. App. LEXIS 5178 (D.C. Cir. Mar. 14, 2013) .......................24

*Butler v. Leuck*,
    791 F.2d 210 (D.C. Cir. 1986) ...............................................................28

*Chappell v. City of Cleveland*,
    585 F.3d 901 (6th Cir. 2009) .................................................................22

*Cicippio-Puleo v. Islamic Republic of Iran*,
    353 F.3d 1024 (D.C. Cir. 2004) .............................................................17

*Dalia v. United States*,
    441 U.S. 238 (1979).................................................................................33

*Donovan v. Thames*,
    105 F.3d 291 (6th Cir. 1997) .................................................................42

*Earle v. District of Columbia*,
    707 F.3d 299 (D.C. Cir. 2012) ...............................................................25

*Gooding v. United States*,
    416 U.S. 430 (1974)......................................................................... 34-35, 39

*Gray v. Univ. of Colo. Hosp. Auth.*,
    672 F.3d 909   (10th Cir. 2012) ...........................................................................19

*Heck v. Humphrey*,
    512 U.S. 477 (1994)..................................................................7, 25-27, 42, 43

*In re Jones*,
    652 F.3d 36 (D.C. Cir. 2011) ...........................................................................43

*In re Jones*,
    670 F.3d 265 (D.C. Cir. 2012) ........................................................... 8, 27, 43

*Jones v. Horne*,
    634 F.3d 588 (D.C. Cir. 2011) ............................................................... 20, 22

*Lewis v. Mills*,
    677 F.3d 324 (7th Cir. 2012) ...........................................................................42

*Maldonado v. Fontaines*,
    568 F.3d 263 (1st Cir. 2009)............................................................................19

*Marmelshtein v. City of Southfield*,
    2011 U.S. App. LEXIS 9138 (6th Cir. May 3, 2011)...................................... 21, 23

*Muhammad v. California*,
    2011 U.S. Dist. LEXIS 30854 (N.D. Cal. Mar. 10, 2011)...............................23

*Nelson v. Campbell*,
    541 U.S. 637 (2004)......................................................................... 20, 22

*Owens v. Balt. City State's Atty. Office*,
    767 F.3d 379(4th Cir. 2014) ...........................................................................24

*Park v. Veasie*,
    720 F. Supp. 2d 658 (M.D. Pa. 2010)..............................................................23

*Pearson v. Callahan*,
    555 U.S. 223 (2009)......................................................................... 32, 40

*Pitt v. District of Columbia*,
    491 F.3d 494 (D.C. Cir. 2007) ............................................................... 18, 33

*Rasul v. Myers*,
    563 F.3d 527 (D.C. Cir. 2009) .........................................................................32

*Rudaj v. Treanor*,
    2013 U.S. App. LEXIS 12137 (2d Cir. June 17, 2013)...........................................25

*Taylor v. Barkes*,
    135 S. Ct. 2042 (2015).....................................................................................33

*United States v. Armstrong*,
    517 U.S. 456 (1996).........................................................................................22

v

*United States v. Banks*,
  540 U.S. 31 (2003) ........................................................................24

*United States v. Bieri*,
  21 F.3d 811 (8th Cir. 1994) ..........................................................37

*\*United States v. Burch*,
  156 F.3d 1315 (D.C. Cir. 1998) ..........................................34-35, 37, 39

*United States v. Davis*,
  313 F. App'x 672 (4th Cir. 2009).....................................................38

*United States v. Jones*,
  132 S. Ct. 945 (2012) ......................................................................5

*United States v. Jones*,
  451 F. Supp. 2d 71 (D.D.C. 2006) ..........................................6, 30, 41

*United States v. Maynard*,
  615 F.3d 544 (D.C. Cir. 2010) ..............................................5, 41, 42

*United States v. Merrill*,
  293 F.2d 742 (3d Cir. 1961).........................................................39

*United States v. Pindell*,
  336 F.3d 1049 (D.C. Cir. 2003) ....................................................30

*United States v. Pritchard*,
  745 F.2d 1112 (7th Cir. 1984) .....................................................33

*\*United States v. Rizzi*,
  434 F.3d 669 (4th Cir. 2006) ........................................32, 34, 37-39

*United States v. Thompson*,
  495 F.2d 165 (D.C. Cir. 1974) .....................................................29

*\*Wallace v. Kato*,
  549 U.S. 384 (2007).................................................................26-28

*Whitehurst v. Harris*,
  2015 U.S. Dist. LEXIS 780 (N.D. Ala. Jan. 6, 2015)............................23

*\*Yanez-Marquez v. Lynch*,
  789 F.3d 434 (4th Cir. 2015) .....................................................37-39

*Youngbey v. March*,
  676 F.3d 1114 (D.C. Cir. 2012) ...................................................32

**State Cases**

*District of Columbia v. Tinker*,
  691 A.2d 57 (D.C. 1997) .............................................................28

**\*Cases chiefly relied upon are marked with an asterisk.**

**Federal Statutes**

21 U.S.C. § 879 ................................................................ 2, 16, 34, 36-37, 39
28 U.S.C. § 1291 ........................................................................................1
28 U.S.C. § 1331 ........................................................................................1
28 U.S.C. § 1983 ................................................................................. 2, 27

**State Statutes**

Courts and Judicial Proceedings Code Ann. § 5-201(c) ............................................28

**Federal Rules**

Fed. R. Crim. P. 41 ............................................................... 2, 34, 36, 38
Fed.R.Civ.P. 60(b)(5) ................................................................................8

## GLOSSARY OF ABBREVIATIONS

JA              Page numbers in the Joint Appendix in this case

FBI             Federal Bureau of Investigation

ICE             United States Immigration and Customs Enforcement

MPD             Metropolitan Police Department

## RELEVANT STATUTORY TEXT

The relevant statutory text, 21 U.S.C. § 879, appears in the Appendix to this

brief.

## JURISDICTIONAL STATEMENT

Appellants asserted jurisdiction in the District Court under 28 U.S.C. § 1331. This Court has jurisdiction pursuant to 28 U.S.C. § 1291.

## STATEMENT OF ISSUES

1.      Whether the District Court correctly held that Jones failed to satisfy the pleading standard in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) on his claim that the FBI agents failed to knock-and-announce before entering his residence when Jones failed to support that claim with any specific allegation that an individual officer violated his constitutional rights but instead made a single conclusory allegation against all officers collectively, and where Jones' own allegations establish that he was not in a position of the house at the time of entry (he allegedly was in an upstairs bedroom) to know whether or not a knock-and-announce occurred.

2.      Whether, although not reached by the District Court, Jones' knock-and-announce claim is time-barred because it was asserted for the first time in this lawsuit, filed approximately seven years after the search occurred.

3.      Whether the District Court correctly held that Jones failed to satisfy the *Iqbal* pleading standard on his claim that the FBI agents exceeded the scope of the search warrant by seizing unspecified property from his home when Jones failed to include a description of the categories of items that were subject to seizure under the

1

warrant or identify the items seized, and when the warrant itself identified a wide range of items that were encompassed within its scope, including, drugs, books, records, receipts, jewelry, and devices used to store and count money.

4.      Whether the District Court correctly held that the FBI agents did not violate a clearly established Fourth Amendment right when they allegedly executed a valid search warrant governed by the special provisions of 21 U.S.C. § 879 (and not the general provisions of Fed. R. Crim. P. 41) at 4:45 a.m., approximately one hour before the time period stated on the warrant, when section 879 permits a warrant to be served day or night so long as the warrant itself was supported by probable cause and when, even in the context of warrants governed by Fed. R. Crim. P. 41, there is a split among the appellate courts as to whether the nighttime execution of a daytime warrant constitutes a Fourth Amendment violation.

## <u>COUNTERSTATEMENT OF THE CASE</u>

The instant lawsuit was filed by Antoine Jones in August 2012, *pro se*, and an Amended Complaint was filed by counsel in January 2013, asserting claims under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) and 28 U.S.C. § 1983 for alleged violations of the Fourth Amendment in connection with law enforcement activity that led to Jones' arrest on October 24, 2005 on drug-related charges.   Since his original indictment, Jones faced trial on four

occasions, and ultimately pled guilty on May 1, 2013, to a charge of conspiracy to distribute cocaine while his fourth trial was pending

The Amended Complaint asserted six counts divided between two groups of defendants, the alleged Immigration and Customs Enforcement ("ICE") agent defendants (referred to herein as "ICE agents") and the FBI and Metropolitan Police Department ("MPD") defendants (referred to herein collectively as the "FBI agents").   Of those six counts, two (Counts III and IV) were asserted exclusively against unknown defendants.

On September 6, 2014, the District Court dismissed this action as it pertained to the claims against all named defendants.   The District Court dismissed the claims against the ICE agents in Counts I and II for lack of personal jurisdiction, dismissed Count V against the FBI agents for failure to satisfy the pleading standard in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and on qualified immunity grounds, and dismissed Count VI against the FBI agents on qualified immunity grounds.   On February 15, 2015, the District Court granted Jones' consent motion for voluntary dismissal with prejudice of all claims against unknown FBI and ICE agents, which included the claims asserted in Counts III and IV.

As framed by Jones, this appeal is limited to the District Court's dismissal of one count (Count V) in the six-count Amended Complaint.   In that count, Jones

alleged that his Fourth Amendment rights had been violated when certain members of a "joint task force of the FBI and MPD" conducted a search of his residence at 10870 Moore Street, Waldorf, Maryland, on October 24, 2005, pursuant to a valid search warrant.   Specifically, Jones challenged the manner in which the officers entered the residence (allegedly without knocking and announcing), the timing of the entry (allegedly at 4:45 a.m.), and the seizure of unspecified items that were allegedly not specifically listed on the attachment to the search warrant.

The District Court dismissed Count V because Jones' conclusory allegations regarding the alleged failure to knock-and-announce and the seizure of unspecified items failed to satisfy the *Iqbal* pleading standard.   The District Court dismissed the time-of-entry claim on the basis of qualified immunity, finding that the alleged execution of the search warrant at 4:45 a.m. did not violate a clearly established constitutional right.

<u>**COUNTERSTATEMENT OF FACTS**</u>

**I.     Criminal Proceedings Against Jones**

Jones is currently serving a 15 year sentence after pleading guilty on May 1, 2013, to a charge of conspiracy to distribute cocaine.  (Case No. 05-cr-386, ECF No. 748 and 751.)    Jones was arrested on October 24, 2005, following an

4

investigation of Jones for "suspicion of narcotics violations" by a "joint task force of the FBI and the MPD."   (Am. Compl. ¶ 11.) [JA 35]

The investigation included the placement in late September 2005 of a global positioning system ("GPS") device on a Jeep Grand Cherokee used by Jones.   (Am. Compl. ¶ 29.) [JA 40][1]   Additionally, during the morning of October 24, 2005, agents executed search warrants at, among other locations, Jones' residence at 10870 Moore Street in Waldorf, Maryland, and at a nightclub in Washington, D.C., Club Levels, allegedly operated by a corporation owned by Jones.   (*Id.* ¶¶ 2, 20, 23.) [JA 34, 37-38]    Jones was arrested later that day.   (*Id.* ¶ 11.) [JA 35]

Since the original indictment, Jones faced trial on four occasions. The first trial ended in a hung jury and a mistrial was declared on January 12, 2007.   Jones ultimately was convicted on January 10, 2008, following a second trial (Case No. 05-cr-386, ECF No. 444.)    However, in an opinion issued on August 6, 2010, this Court reversed Jones' conviction on the basis that the warrantless attachment and use of a GPS device on the Jeep Grand Cherokee violated the Fourth Amendment. *See United States v. Maynard*, 615 F.3d 544 (D.C. Cir. 2010).   On January 23, 2012, the Supreme Court affirmed this Court's decision.   *See United States v. Jones,* 132 S. Ct. 945 (2012).   Upon remand from the Supreme Court, the jury

---

[1]    The reference to "September 2007" in the Amended Complaint (Am. Compl. ¶ 29) appears to be a typographical error.

deadlocked on the third trial.   On May 1, 2013, pending his fourth trial, Jones pled

guilty to a drug-related charge and is now serving a 15 year prison sentence.   (Case

No. 05-cr-386, ECF No. 748, 751.)[2]

During the course of his criminal proceedings, Jones challenged certain

aspects of the search of his Moore Street residence but each of his challenges was

rejected by the District Court.   The District Court rejected Jones' argument that the

search was defective because the investigating officers allegedly failed to "'present

either Jones, his wife or son a copy of the warrant with attachment to inform them of

the scope of the warrant, nor did they leave a copy on the premises.'"   *United States

v. Jones,* 451 F. Supp. 2d 71, 86 (D.D.C. 2006).   As to the alleged execution of the

warrant before 6 a.m., the District Court observed that the law was unsettled as to

"whether you have a right to have a warrant executed – a Fourth Amendment right –

executed at a particular time." (Case No. 05-cr-386, ECF No. 670-5, Tr. (Aug.10,

2012), at 11:9 to 11:20.)

In May 2012, Jones moved for reconsideration concerning the Moore Street

search and, in that filing, made arguments and submitted affidavits raising the same

issues as those raised here.   Among other things, in arguing about the alleged

---

[2]      Jones filed an appeal in this Court (Case No. 14-3066) that challenged the
District Court's denial of certain post-judgment relief in the criminal proceeding.
That appeal has been dismissed.   (Case No. 14-3066, Doc. # 1540639.)

illegality of the entry, Jones disputed the government's position that the agents both knocked-and-announced and entered through an unlocked door, and in arguing about the alleged illegality of the search, Jones contended that the agents seized "dozens" of boxes of items not listed on the attachment to the warrant.   (Case No. 05-cr-386, ECF No. 619, at 3-5.)   The District Court ruled that Jones was simply re-litigating issues that already had been resolved in its prior decision and denied the motion for reconsideration.   (*Id.*, ECF No. 670-5, Tr. (Aug. 10, 2012), at 10-12.)

## II.    Jones' 2007 Civil Lawsuits in the United States District Court for the District of Columbia.

Jones filed four civil lawsuits in 2007[3] relating to certain investigative activity that led to his arrest in October 2005.   Following Jones' conviction in 2008, the District Court dismissed each of those lawsuits based on the rule in *Heck v. Humphrey,* 512 U.S. 477 (1994).   (Mem. Ops. and Orders (May 27, 2008) (ECF No. 14, 15 in 07-1063; ECF No. 20, 21 in 07-1068; ECF No. 21, 22 in 07-1172; and ECF No. 23, 24 in 07-1300.)   The 2007 lawsuits were dismissed in May 2008 and are not the subject of this appeal.

---

[3]       Those cases include:   *Jones v. Yanta, et al.,* Case No. 07-1172 (RJL); *Jones v. Kirchner, et al.,* Case No. 07-1063 (RJL); *Jones v. Horne, et al.,* Case No. 07-1300 (RJL); and *Jones v. Gikas,* Case No. 07-1068 (RJL). (Am. Compl. ¶ 36.) [JA 41-42]

Of those four lawsuits, however, one asserted certain claims with respect to the search of Jones' Moore Street residence on the morning of October 24, 2005. In that case, *Jones v. Kirchner, et al.,* Case No. 07-1063 (RJL), Jones alleged that his constitutional rights were violated because (1) he allegedly was not shown a search warrant; (2) a copy of the search warrant allegedly was not left at the residence; and (3) the defendants allegedly "unlawfully, at 4:45 a.m. on October 24, 2005, dragged me, my wife and son out of bed and search and removed approximately 40 boxes of personal property from our residence." (Case No. 07-1063, at ECF No. 1, at ECF Page 9 of 16.) Jones did not allege in the 2007 lawsuit that his constitutional rights were violated by any failure of the agents to knock-and-announce before entry. (*Id.* at ECF Page 10 of 16 ("complaint 2"), ECF Page 12 of 16 ("complaint 3"), and ECF Page 13 of 16 ("complaint 4"), asserting claims based only on the time of entry, alleged use of an "unauthorized door key", and the removal of 40 boxes.)

Jones did not timely appeal the May 2008 dismissal of *Jones v. Kirchner, et al.,* Case No. 07-1063 (RJL), or any of the other 2007 lawsuits, and his belated attempt to do so was treated by this Court as a petition for writ of mandamus and denied. *In re Jones*, 670 F.3d 265, 266-68 (D.C. Cir. 2012). In the same opinion, the Court stated in *dicta* that Jones "might consider" filing a motion in District Court under Fed.R.Civ.P. 60(b)(5) in the previously dismissed cases or, alternatively,

8

"re-filing his complaint."   *Id.* at 267-68.    The Court, however, did not purport to resolve the merits of Jones' claims.

In approximately February 2013, Jones filed a rule 60(b)(5) motion in each of the 2007 lawsuits seeking to re-open them.   That motion was denied by the District Court in each of the four cases (*e.g.,* ECF No. 51 in Case No. 07-1300) and Jones did not appeal any of those rulings.

## III.    Jones' Filing of the Civil Lawsuit at Issue in this Appeal.

The instant lawsuit was filed in August 2012, *pro se*, and an Amended Complaint was filed by counsel in January 2013.   This lawsuit is not, as Jones has characterized it in his Amended Complaint, a re-filing by Jones of his prior four lawsuits.   (Am. Compl. ¶ 37.) [JA 42]   Instead, Jones filed a single lawsuit improperly joining together different claims (some of which were not asserted in his prior lawsuits) against different defendants (some of whom were not named in his prior lawsuits).

The Amended Complaint divided the individual defendants into two groups: the alleged ICE agent defendants who were sued individually for allegedly conducting unlawful searches in early 2004 of an  apartment and warehouse in Maryland (referred to herein as the "ICE agents"), and the FBI and MPD defendants who allegedly were part of a "joint task force" that conducted an investigation of

9

Jones beginning in late 2004 that led to his arrest and prosecution (referred to herein collectively as the "FBI agents"). The ICE agents were sued for conduct that occurred in early 2004 (Am. Compl. ¶¶ 12, 15) [JA 35-36], and the FBI agents were sued for conduct that occurred between September and October 2005.   (*Id.* ¶¶ 23, 29.) [JA 38-40]

## A. Most of Jones' Claims Are Not At Issue In This Appeal (Counts I-IV and VI)

The Amended Complaint asserted two claims against ICE agents for alleged searches of an apartment and warehouse in Maryland (Counts I and II), as well as a claim against "unknown" ICE agents for the placement of a GPS tracking device on a white box truck allegedly registered to Jones (Count III).    The Amended Complaint also asserted claims against FBI agents with respect to the October 24, 2005 search of his Moore Street residence (Count V) and for the placement of a GPS tracking device on a different vehicle (the Jeep Grand Cherokee) (Count VI). Finally, the Amended Complaint asserted a claim against "unknown" FBI agents for the search of a nightclub (Club Levels) allegedly owned by Jones through a corporate entity (Count IV).

The District Court dismissed the claims against the ICE agents in Counts I and II for lack of personal jurisdiction (Mem. Op. at 8-12) [JA 25] and dismissed Count VI against the FBI agents because, at the time of the challenged conduct, it was not

clearly established law that attaching a GPS device to a vehicle to track its movements without a warrant was a search subject to the Fourth Amendment. (*Id.* at 15.) [JA 28]  The District Court's decision did not address Counts III and IV which were asserted against "unknown" defendants. (*Id.* at 16 n.8.) [JA 29] However, on February 15, 2015, the District Court granted Jones' consent motion for voluntary dismissal with prejudice of all claims against unknown FBI and ICE agents, which included the claims asserted in Counts III and IV. [JA 31]

Jones has not appealed the dismissal of any of these claims.  Jones expressly states in his in his brief that he "seeks review of only the District Court's dismissal of Claim V of his amended complaint." (Appellant Br. at 11.)[4]

### B.  Count V of the Amended Complaint

In Count V of the Amended Complaint, Jones challenged the manner in which certain FBI agents entered the Moore Street residence to execute a valid search warrant (allegedly without knocking and announcing) on the morning of October 24, 2005, the timing of the entry (allegedly at 4:45 a.m.), and the seizure of unspecified items allegedly not listed on the attachment to the search warrant. (Am. Compl. ¶¶ 23, 57-59.) [JA 38, 45]

---

[4]     Because this appeal only seeks review of the dismissal of Count V of the Amended Complaint, this brief is only being filed on behalf of the FBI agents named in that Count as they are the only Appellees in this action.

The Amended Complaint contains few specific allegations to support these claims. It fails to identify any individual agent's specific conduct but instead makes a single conclusory allegation against the FBI agents collectively, namely, that the agents collectively entered his home on October 24, 2005 without knocking and announcing. (Am. Compl. ¶ 28.) Jones also alleges that the agents executed the warrant at 4:45 a.m., approximately one hour earlier than the time period specified on the warrant (6:00 a.m. to 10 p.m.). (Am. Compl. ¶ 23.) [JA 38]

Finally, Jones alleges that the FBI agents "proceeded to take approximately 30-40 boxes containing personal property belonging to [Jones] that was not listed on the attachment to the warrant." (*Id.*) Jones, however, did not attach the search warrant to the Amended Complaint, did not include a description of the categories of items that were subject to seizure under the warrant, and did not identify the items seized.

The attachment to the warrant, which was issued by the United States District Court for the District of Maryland, identifies a wide range of items that were encompassed within the warrant, including, drugs, books, records, receipts, jewelry, and devices used to store and count money. (Doc. # 1535495, at Ex. A-2; *see also* Case No. 05-cr-386, ECF No. 619-6.) Although not attached to the Amended Complaint, the warrant is part of the record of the criminal proceedings (Case No.

12

05-cr-386, ECF No. 625, at 16 n.19, identifying the attachment as exhibit 6 to the motion for reconsideration, ECF No. 619-6), and was attached by Jones to a prior filing in this appeal.  (Doc. # 1536082, Ex. A-1 and A-2)

## PROCEDURAL BACKGROUND

The named defendants moved to dismiss the Amended Complaint on numerous grounds, including lack of personal jurisdiction, qualified immunity and the failure to satisfy the pleading standard in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). On September 6, 2014, the District Court dismissed this action as it pertained to the claims against all named defendants.  The District Court dismissed the claims against the ICE agents in Counts I and II for lack of personal jurisdiction, dismissed Count V against the FBI agents for failure to satisfy the *Iqbal* pleading standard and on qualified immunity grounds, and dismissed Count VI against the FBI agents on qualified immunity grounds.  On February 15, 2015, the District Court granted Jones' consent motion for voluntary dismissal with prejudice of all claims against unknown FBI and ICE agents, which included the claims asserted in Counts III and IV.

Jones initially noticed an appeal of this matter following the District Court's September 6, 2014 decision [JA 48], and re-noticed his appeal following the District Court's order of February 15, 2015 [JA 49].   Appellees' moved for summary

affirmance, which the Court denied by order dated May 6, 2015.   In that decision, the Court observed that "Appellant represents in his corrected response to the motion for summary affirmance that he is appealing only the dismissal of Count V." (Doc. # 1551047.)   Jones has confirmed the limited nature of this appeal in his brief in which he states that he "seeks review of only the District Court's dismissal of Claim V of his amended complaint."   (Appellant Br. at 11.)

## SUMMARY OF ARGUMENT

Jones has limited his appeal to seeking review of the District Court's dismissal of one count (Count V) in the six-count Amended Complaint.   In that count, Jones alleged that his Fourth Amendment rights were violated when certain FBI agents conducted a search of his residence at 10870 Moore Street, Waldorf, Maryland, on October 24, 2005, pursuant to a valid search warrant.    Specifically, Jones challenged the manner in which the officers entered the residence (allegedly without knocking and announcing), the timing of the entry (allegedly at 4:45 a.m.), and the seizure of items that allegedly were not specifically "listed" on the attachment to the search warrant.   (Am. Compl. ¶¶ 23-28, 57-61.)

Although Jones attempts to hold each of the officers identified in this count liable for violations of his constitutional rights, his allegations are largely conclusory and directed at the officers collectively rather than individually.   To the extent he

14

makes any specific allegations, they are contained in a few sentences of a single paragraph (paragraph 23) of the Amended Complaint. That paragraph, and the Amended Complaint as a whole, fail to plead any specific allegations as to how the conduct of any specific officer violated Jones' constitutional rights but appear instead to seek to hold each officer vicariously liable for the acts of others.

The Amended Complaint alleges only that the officers collectively entered his home at 4:45 a.m. without knocking and announcing and seized unspecified items. It does not identify which officer first entered the home, allege which officer was responsible for knocking and announcing, or even allege that Jones was in a position in the house (he allegedly was in an upstairs bedroom) to know whether or not a knock-and-announce occurred. The items subject to search under the search warrant also are not identified in the Amended Complaint, nor does the Amended Complaint identify the items seized (other than to allege in a conclusory fashion that they were not specifically listed on the search warrant). Thus, the District Court correctly held that these conclusory allegations failed to satisfy the pleading standard in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Although not reached by the District Court, Jones' knock-and-announce claim also is time-barred because it was raised by Jones for the first time in this lawsuit, which was filed approximately 7 years after the challenged search.

15

Although Jones filed a previous lawsuit in 2007 regarding certain aspects of the Moore Street search (Case No. 07-1063), that lawsuit did not allege a failure to knock-and-announce and therefore cannot provide a basis for tolling the limitations period.   Because any claim for a failure to knock-and-announce would have accrued at the time of the search on October 24, 2005, the three year statute of limitation expired in 2008, several years before the filing of this lawsuit.

As to the time of entry, the District Court correctly determined that the alleged execution of the warrant at 4:45 a.m. did not violate a clearly established constitutional right even if, as Jones alleged, the time period stated in the warrant was 6:00 a.m. to 10:00 p.m.   As here, where drugs crimes are suspected, the execution of a search warrant is governed by the special provisions of 21 U.S.C. § 879, not Rule 41 of the Rules of Criminal Procedure and, under section 879, a warrant can be executed day or night so long as the warrant itself is supported by probable cause.   Jones does not contend that probable cause was lacking for the warrant.

Jones' case authority, at most, establishes a conflict among the Circuits on this issue rather than a clearly established constitutional right.   Because the alleged execution of the warrant at 4:45 a.m. did not violate a clearly established constitutional right, the District Court properly determined that the officers were

entitled to qualified immunity on Jones' claim that they violated the Fourth Amendment by allegedly entering his home at 4:45 a.m.

These claims also were subject to dismissal for additional reasons that the District Court did not reach but which provide an independent basis for this Court to affirm.   Jones' claims regarding the time of entry and the items seized already were adjudicated against him in the criminal proceeding when the District Court repeatedly denied Jones' motions to suppress evidence from the Moore Street search.   They are, therefore, precluded from review in this later civil action.   In addition, to the extent a judgment in Jones' favor in this action would impugn the validity of his guilty plea, dismissal under *Heck* is appropriate.

## STANDARD OF REVIEW

The Court reviews the District Court's rulings on the motion to dismiss *de novo*.  *Cicippio-Puleo v. Islamic Republic of Iran*, 353 F.3d 1024, 1031-32 (D.C. Cir. 2004).

## ARGUMENT

As to the one count at issue in this appeal (Count V), Jones alleges that his Fourth Amendment rights were violated when certain members of a "joint task force of the FBI and MPD" conducted a search of his Moore Street residence on October 24, 2005, pursuant to a valid search warrant.    The District Court correctly held that

Jones' conclusory allegations were not sufficient to satisfy the *Iqbal* pleading standard (failure to knock-and-announce and seizure of unspecified items claims) and otherwise were barred by qualified immunity (the time of entry claim).[5]

## I.    Jones' Allegations Of An Alleged Failure To Knock-and-Announce Are Too Conclusory To State A Claim And Also Are Time-Barred.

### A. The Knock-And-Announce Allegations Are Too Conclusory To State A Claim.

The District Court correctly held that Jones had failed to plead sufficient facts to state a plausible claim against the FBI agents under the standard in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).[6]    To state a plausible claim that can survive a motion to dismiss, *Iqbal* requires both that the plaintiff plead sufficient "factual content" to "'nudge[] his claims  . . . across the line from conceivable to plausible,'" *id.* at 683 (quoting *Bell Atlantic Corp.* v. *Twombly*, 550 U.S. 544, 570 (2007)), and, in multiple

---

[5]    This count is asserted against the following FBI and MPD personnel (collectively referred to herein as the FBI agents):   Sopata, Naugle, Snow, Horner, Lowery, McCravy, Mumford, Pak, Wise, Kaluzny, Wolf, and Beaton.   (Am. Compl. ¶ 57.)   The Amended Complaint alleges that some of these individuals were MPD officers working on a joint task force with the FBI.   Whether, given their alleged roles as task force officers, those individuals are subject to liability under section 1983 (as opposed to *Bivens*) need not be addressed because the defense of qualified immunity applies equally to a section 1983 claim.   *Pitt v. District of Columbia,* 491 F.3d 494, 512 (D.C. Cir. 2007).

[6]    Contrary to Jones' suggestion in his brief, the District Court did not hold that "there is no clearly established right to be free from a search and seizure preceded by a knock and announcement."   (Appellant Br. at 15-16.)   Accordingly, Jones' assertion that the District Court erred in that regard is without basis.

party situations, to do so for "each Government-official defendant, through the official's own individual actions." *Id.* at 676; *see also Gray v. Univ. of Colo. Hosp. Auth.,* 672 F.3d 909, 921 n. 9 (10th Cir. 2012) (when there are "multiple claims against multiple defendants, a complaint must isolate the allegedly unlawful acts of 'each defendant'" and, therefore, "the collective term 'Defendants,'" which does "not specify what acts are attributable to whom," does not suffice); *Maldonado v. Fontaines,* 568 F.3d 263, 274 (1st Cir. 2009) ("the complaint does not allege that the Mayor was personally involved . . . during the raids"); *Arar v. Ashcroft,* 585 F.3d 559, 569 (2d Cir. 2009) (claim that "'Defendants' – undifferentiated" violated plaintiff's rights was properly dismissed).

*Iqbal* instructs that a complaint that consists only of "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" is subject to dismissal under Rule 12(b)(6). *Id.* at 678. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557); *Atherton v. D.C. Office of the Mayor*, 567 F.3d 672, 681 (D.C. Cir. 2009) (requiring that the pleadings "suggest a 'plausible' scenario" that "show[s] that the pleader is entitled to relief"). In addition, "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each

19

Government-official defendant, through the official's own individual actions, has violated the Constitution."   *Id.* at 676; *see also Jones v. Horne,* 634 F.3d 588, 602 (D.C. Cir. 2011) (same).

Neither requirement is met here.  First, Jones' conclusory allegations of group conduct do not meet the *Iqbal* standard.   Count V is asserted against a group of officers (12 in total) who allegedly entered Jones' Moore Street residence on the morning of October 24, 2005, without knocking-and-announcing their presence. This claim is asserted against these officers collectively based on the single, conclusory allegation that the officers as a group "executed the search warrant at night without knocking and announcing."   (Am. Compl. ¶ 28.)  The Amended Complaint fails to identify any individual's specific conduct regarding entry, such as, for instance, what role each individual officer played in the entry into the house itself, in what order they entered, or whether they entered at the same time or at intervals following the initial entry.  (Am. Compl. ¶¶ 23 to 28.)  The Amended Complaint instead seeks to hold all of the officers collectively responsible for an alleged omission (which itself is not plausibly alleged) by whoever was first to enter the residence – an individual who is not identified in the Amended Complaint.

By grouping all of the officers named in this count together, and making a single conclusory allegation directed at them collectively (Am. Compl. ¶¶ 23-26),

the Amended Complaint fails to allege that any particular officer, through his or her "own individual actions, has violated the Constitution." *Iqbal,* 556 U.S. at 676; *Marmelshtein v. City of Southfield,* 2011 U.S. App. LEXIS 9138, at *17-18 (6th Cir. May 3, 2011) (reversing denial of qualified immunity to officers who were collectively sued for another officer's alleged failure to knock and announce). Accordingly, Jones has not pled a plausible claim that any of the officers identified in Count V violated a clearly established constitutional right.

Second, Jones has not alleged a "plausible claim" that the officers failed to knock-and-announce. Although he makes that conclusory allegation in the Amended Complaint, he does not plead sufficient "factual content" to "nudge" that claim "across the line from conceivable to plausible." His specific allegation is that he was in an upstairs bedroom at the time of the initial entry (allegedly at 4:45 a.m.) (Am. Compl. ¶ 23) and thus, by his own allegations, was not in a position to have observed the entry. Although he speculates that the officers did not knock-and-announce, the District Court properly held that his speculation at most makes his claim "conceivable", not "plausible."

Based on the circumstances set forth in the Amended Complaint, the plausible explanation is that the officers knocked-and-announced (as testimony in the criminal

proceeding established[7]), but that Jones did not hear it because of his location in the house.   "As between that 'obvious alternative explanation'" and Jones' speculation, the latter "is not a plausible conclusion."  *Iqbal,* 556 U.S. at 682; *see also United States v. Armstrong,* 517 U.S. 456, 464 (1996) (a "'presumption of regularity' is afforded to the conduct of public officers and "'in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties'"); *Jones v. Horne,* 634 F.3d 588, 602 (D.C. Cir. 2011) ("'Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.'")

Jones' claimed need for discovery (Appellant Br. at 19) cannot cure this pleading defect.   Jones also had the opportunity to question officers about the entry during his criminal proceedings when he moved to suppress evidence obtained from the Moore Street search (*supra* note 7).   His failure to plead specific facts to support

---

[7]      During the criminal proceedings, an officer testified that the officers, in fact, did knock and announce before entering the Moore Street residence.   (Case No. 05-cr-386, ECF No. 619 at 4, citing Nov. 6, 2006 Tr. (pm), at 97:6 to 97:17; Case No. 07-cv-1063, ECF No. 1-3, Page 25 of 63, attaching referenced transcript pages.) Jones cannot refute this testimony because, by his own admission, he was not in a location in the house to be in a position to contradict it.   *See Chappell v. City of Cleveland*, 585 F.3d 901, 914 (6th Cir. 2009) (the alleged failure to hear the knock-and-announce by someone not in earshot "does not refute the detectives' testimony that they in fact made several such announcements").

this claim is not an argument in support of discovery but is a reflection of the absence of any factual basis for his claim.

The cases cited by Jones (Appellant Br. at 16-17) also do not compel a different conclusion because in each of those cases the complaint alleged that the occupants were in a position to observe the entry. *See, e.g., Park v. Veasie*, 720 F. Supp. 2d 658, 661 (M.D. Pa. 2010) (officers allegedly "entered the house with handguns and shotguns pointed at" the occupants); *Whitehurst v. Harris,* 2015 U.S. Dist. LEXIS 780, at *4 (N.D. Ala. Jan. 6, 2015) (officers allegedly "broke down the door" while shouting at the occupants to "get down on the floor"); *Muhammad v. California,* 2011 U.S. Dist. LEXIS 30854, at *7-9 (N.D. Cal. Mar. 10, 2011) (officer allegedly broke into the office and immediately confronted the occupant); *cf. Marmelshtein,* 2011 U.S. App. LEXIS 9138, at *17 (noting that one of the three occupants allegedly was in a location to hear a knock-and-announce if it had occurred). Thus, the alleged failure to knock-and-announce in these cases was "plausible" under the circumstances alleged, rather than merely "conceivable" as here.[8]

---

[8]    Although Jones alleges that the agents used an "unauthorized key" to enter the Moore Street residence (Am. Compl. ¶ 57 ), he does not argue that his constitutional rights were violated on that basis.   Indeed, the Amended Complaint does not allege that the door was damaged by the manner of entry and, therefore, does not sufficiently plead how the alleged use of a key was unreasonable within the meaning

**B. Jones' Knock-and-Announce Claim is Time-Barred.**

Although the District Court did not find it necessary to reach the issue, Jones'

claim based on the alleged failure to knock and announce is time-barred.  That

claim was raised for the first time in the 2012 lawsuit underlying this appeal,

approximately seven years after the search occurred.   The statute of limitations for

*Bivens* and section 1983 claims is at most three years.  *Bond v. Department of*

*Justice*, 2013 U.S. App. LEXIS 5178, at *2 (D.C. Cir. Mar. 14, 2013) (per curiam);

*Owens v. Balt. City State's Atty. Office*, 767 F.3d 379, 388 (4th Cir. 2014), *cert.*

*denied*, 135 S. Ct. 1893 (2015).

Although Jones filed a previous lawsuit in 2007 regarding certain aspects of

the Moore Street search (Case No. 07-1063), that lawsuit did not allege a failure to

knock and announce and therefore cannot provide a basis for tolling the limitations

period.  (Case No. 07-1063, at ECF Page 10 of 16 ("complaint 2"), ECF Page 12 of

16 ("complaint 3"), and ECF Page 13 of 16 ("complaint 4"), asserting claims based

only on the time of entry, alleged use of an "unauthorized door key", and the

removal of 40 boxes.)   Moreover, because the knock-and-announce claim is

asserted for the first time in a new lawsuit – as opposed to an amendment to an

---

of the Fourth Amendment.  *Cf. United States v. Banks,* 540 U.S. 31, 41 (2003) (15
to 20 second wait before forcible entry pursuant to warrant to search for drugs does
not violate Fourth Amendment).

existing lawsuit – the Federal Rules of Civil Procedure addressing "relation back" do not apply.   Those rules pertain to the *amendment* of a pleading in an existing lawsuit, not, as here, to a new lawsuit filed several years after a prior lawsuit has been dismissed.   *See* FRCP 15(c).

Any claim for a failure to knock and announce would have accrued at the time of the search on October 24, 2005.   *See, e.g., Rudaj v. Treanor,* 2013 U.S. App. LEXIS 12137, at *3-4 (2d Cir. June 17, 2013) ("the harm resulting from an unconstitutional search occurs as a result of the search itself, not the later use of unlawfully obtained items as evidence" and the statute of limitations begins to run from the date the plaintiff knew of the search); *Earle v. District of Columbia,* 707 F.3d 299, 305 (D.C. Cir. 2012) (section 1983 claim accrues when wrongful conduct occurs).   Thus, the three year statute of limitations expired in 2008, several years before the filing of this lawsuit.

Based on arguments made by Jones when this issue was raised in the motion for summary affirmance, the FBI agents anticipate that Jones will contend that his conviction in 2008 and resulting dismissal of his 2007 lawsuits on the basis of *Heck v. Humphrey* tolled the running of the statute of limitations as to the knock-and-announce claim.   Such an argument, however, only would have potential application as to claims already on file at the time of the 2008 conviction

25

and resulting *Heck* bar.   The statute of limitations is not tolled as to not-yet-filed

claims – such as the unasserted failure to knock-and-announce claim – that accrued

prior to the conviction.

In *Wallace v. Kato*, 549 U.S. 384 (2007), the Supreme Court addressed this

precise issue, specifically, what impact, if any, a later conviction has on a statute of

limitations that began to run on a "not-yet-filed" claim.   *Id.* at 394-95.   The Court

declined to "adopt a federal tolling rule to this effect."     *Id.*   Although the Supreme

Court in *Wallace* indicated that the statute of limitations may be tolled as to claims

already on file at the time of a conviction that are dismissed on *Heck* grounds, *id.* at

395 n.4, here there was no claim filed against the FBI agents for an alleged failure to

knock-and-announce at the time of Jones' conviction.   Thus, Jones' conviction in

2008 and any resulting *Heck* bar did not toll the running of the statute of limitations

as to this "not-yet-filed" claim.

To preserve that claim, Jones would have had to include a claim for the

alleged failure to knock-and-announce in his 2007 lawsuit regarding the Moore

Street search or otherwise file a separate lawsuit on that basis prior to the expiration

of the three-year limitations period.   *Id.* at 395 n.4 ("Because in the present case

petitioner did not file his suit within the limitations period, we need not decide, had

he done so, how much time he would have had to refile the suit once the *Heck* bar

was removed.")   That is so even if Jones expected the Court to dismiss such a claim, once filed, on *Heck* grounds.   *See id.* at 396 (noting the dissent's critique that the majority opinion "develop[ed] a system of stays and dismissal" but finding tolling to be a less desirable approach).[9]   Jones, however, failed to do so.

This Court's citation to *Wallace v. Kato,* 549 U.S. 384 (2007), and reference to the potential tolling of the statute of limitations "implied" in that case, *In re Jones,* 670 F.3d at 303, does not change the analysis.   That observation only pertains to claims that were already on file at the time of a conviction that are dismissed on *Heck* grounds.   It does not apply to claims that accrued prior to the conviction that are not part of a lawsuit at the time of its dismissal under *Heck*.   *See Wallace,* 549 U.S. at 394-95 (declining to find "the statute of limitations on [plaintiff's] (possibly) impugning but yet-to-be-filed cause of action to be tolled until that conviction was set aside").

Absent tolling of the running of the limitation period, Jones' own allegations establish that any knock-and-announce claim – made for the first time in a distinct

---

9      The dissent in *Wallace* likewise interpreted the majority decision as requiring a plaintiff to "file all § 1983 claims (including potentially *Heck*-barred claims) at once and then seek stays or be subject to dismissal and refiling" or else lose those claims.   *Wallace,* 549 U.S. at 401 (Breyer, J., dissenting).   The majority acknowledged that its holding would create a system of "stays and dismissal," but did not find that equitable tolling was a preferable alternative.   *Id.* at 396.

lawsuit filed in August 2012 – is time-barred.    According to Jones' allegations, the

knock-and-announce claim would have accrued at 4:45 a.m. on October 24, 2005,

when the FBI agents allegedly entered Jones' residence, nearly seven years prior to

the filing of this lawsuit.[10]    The claim is therefore time barred.

Based on Jones' arguments during briefing on summary affirmance, the FBI

agents also anticipate that Jones may contend that the statute of limitations defense

was not raised with respect to the knock-and-announce claim in the motion to

dismiss.    The record does not support such an argument.    The motion to dismiss

argued that any claim that Jones sought to raise in this action that had not previously

been raised in his 2007 lawsuits was facially time-barred.    (ECF No. 37, at 26-28,

---

10    Jones' *Bivens* claims are based on federal question jurisdiction, and not diversity jurisdiction.    Accordingly, the Court "looks to the law of the state in which the cause of action arose . . . for the length of the statute of limitations" and "tolling rules."    *Wallace v. Kato,* 549 U.S. 384, 387, 394 (2007).    Thus, the law of Maryland, where these claims arose, would apply.    Incarceration does not toll the limitations period under Maryland law, *see* Md. Courts and Judicial Proceedings Code Ann. § 5-201(c).    However, even if the law of the District of Columbia (where incarceration tolls the running of the limitations period) applied, the result would be the same because the knock and announce claim accrued before Jones was arrested and incarcerated.    *Butler v. Leuck,* 791 F.2d 210 (D.C. Cir. 1986) (per curiam); *compare District of Columbia v. Tinker,* 691 A.2d 57, 64 (D.C. 1997) (holding that claim of excessive force during arrest was tolled because the claim accrued during the arrest itself and indicating that the required "incarceration" under the tolling statute began at the time of the arrest).

28

31-32.) Those arguments were specifically applied to the "knock-and-announce"

claim in the reply filed in support of the motion to dismiss after Jones clarified in his

opposition that his "knock-and-announce" claim was a separate and distinct claim

from his other Moore Street search claims.   (ECF No. 44, at 19 n. 14, 22.)   Had

Jones felt that the statute of limitations was being raised for the first time in the reply

(which the record does not support), Jones could have sought leave to file a

sur-reply.   His failure to do so should preclude him from making such an argument

at this time.   *Ben-Kotel v. Howard Univ.*, 319 F.3d 532, 536 (D.C. Cir. 2003).

Thus, the statute of limitations defense as to the knock-and-announce claim was

properly before the District Court and provides an independent basis to affirm.

## II.     The District Court Properly Dismissed Jones' Claim That The Officers Exceeded The Scope Of The Warrant.

Jones' allegation that the officers seized 30-40 boxes of personal property that

were not listed on the attachment to the warrant (Am. Compl. ¶ 27) also is too

conclusory to state a plausible claim for relief.   As the District Court correctly

observed, Jones did not allege in the Amended Complaint what property was seized,

describe the scope of the warrant, nor allege how the seized items exceeded that

scope.     Jones simply made the conclusory assertion that the officers seized

unspecified items that were "not mentioned on the attachment to the warrant."   (*Id.*)

The fact that a specific item was not detailed in advance in the warrant, however, does not mean its seizure is inconsistent with the scope of the warrant or that a clearly established right was violated.    *See, e.g., United States v. Thompson,* 495 F.2d 165, 169-70 (D.C. Cir. 1974) ("[c]onstruing the terms of the warrant in context, we believe the . . . leases, rent receipts, and account cards are fairly embraced by the authorization to seize 'records'"); *United States v. Pindell,* 336 F.3d 1049, 1054 (D.C. Cir. 2003) (following *Thompson*); *United States v. Pritchard,* 745 F.2d 1112, 1122 (7th Cir. 1984) ("a reasonably specific warrant does not mean that the warrant must be 'elaborately detailed' . . . or enable authorities 'to minutely identify every item for which they are searching'").

The warrant itself is part of the record in this appeal and identifies categories of items that were subject to seizure under the warrant.   Those items include such things as drugs, books, records, receipts, jewelry, and devices used to store and count money. (Doc. # 1535495, at Ex. A-2; *see also* Case No. 05-cr-386, ECF No. 619-6.)   In light of the scope of the warrant, Jones' conclusory allegations fail to plead a plausible claim that the FBI agents seized items outside the scope of the warrant.

Jones' argument that it was "entirely unreasonable for the District Court to expect greater specificity" (Appellant Br. at 22) is without merit.   Jones was in a

30

position to know what items were seized from his home and also had access to the search warrant prior to filing this lawsuit based on proceedings during his criminal case.[11]  Significantly, if Jones does not know the contents of the boxes that were seized as he appears to contend, then he has no basis to plead that the FBI agents seized items outside the scope of the warrant.  Accordingly, the District Court properly held that Jones' conclusory allegation was not sufficient to state a claim. *Iqbal,* 556 U.S. at 678 (holding that a complaint that consists only of "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" is subject to dismissal).

## III.    Jones Failed To Establish That A Clearly Established Right Was Violated Based On The Timing Of The Search.

Jones alleges that the FBI agents entered the Moore Street residence at 4:45 a.m., when the search warrant allegedly authorized entry only during the period from 6:00 a.m. to 10:00 p.m. (Am. Compl. ¶ 23.)   The District Court correctly held that the FBI agents were entitled to qualified immunity on this claim.   (Mem. Op. at 13.)

---

[11]     *See, e.g, United States v. Jones,* 451 F. Supp. 2d 71, 86 (D.D.C. 2006) (finding that, "at the very least, Jones was provided with a copy of the warrant and receipt [for goods taken during the search] at the conclusion of the search"); *see also* Case No. 05-cr-386, ECF No. 619-7 (receipt for items seized during Moore Street search) (cited in Appellant's Brief at page 23 n.1).

In adjudicating a defense of qualified immunity, the Court conducts a two-part inquiry that asks "whether the facts that a plaintiff has alleged . . . make out a violation of a constitutional right" and assesses the "objective legal reasonableness of the action, assessed in light of the legal rules that were clearly established at the time it was taken." *Pearson v. Callahan*, 555 U.S. 223, 232, 236 (2009) (citations omitted). Courts may "exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first" in a given case. *Id.* at 236. Exercising this option allows the Court "to decide only the more narrow 'clearly established' issue 'in light of the circumstances of the particular case at hand.'" *Rasul v. Myers*, 563 F.3d 527, 530 (D.C. Cir. 2009) (quoting *Pearson*, 555 U.S. at 236).

The District Court correctly determined that the alleged execution of the warrant at 4:45 a.m. did not violate a clearly established constitutional right. The Fourth Amendment does not *per se* prohibit nighttime searches, *Youngbey v. March,* 676 F.3d 1114, 1124 (D.C. Cir. 2012), and, at the time of the Moore Street search, there was "neither 'controlling authority' nor a 'consensus of cases of persuasive authority'" requiring that a nighttime search be explicitly authorized by the terms of the warrant, particularly where drug crimes are suspected. *Id.*; *see also United States v. Rizzi*, 434 F.3d 669, 674 (4th Cir. 2006) ("At bottom, we hold that when a

search warrant involves violations of drug crimes, the warrant can be served day or night so long as the warrant *itself* is supported by probable cause."); *Accord Dalia v. United States,* 441 U.S. 238, 257 (1979) ("[I]t is generally left to the discretion of the executing officers to determine the details of how best to proceed with the performance of a search authorized by warrant -- subject of course to the general Fourth Amendment protection 'against unreasonable searches and seizures.'").

For a constitutional right to be clearly established, it must be adequately developed by existing law so as to provide an official with sufficient guidance: "The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right."  *Anderson v. Creighton*, 483 U.S. 635, 640 (1987); *see also Pitt v. District of Columbia,* 491 F.3d 494, 512 (D.C. Cir. 2007) (after joining with the majority of courts to hold that malicious prosecution constitutes a violation of Fourth Amendment rights, the court granted the individual defendants qualified immunity because the law on this issue was not "clearly established" prior to the Court's decision).   As a general matter, for a right to be clearly established, existing Supreme Court precedent "'must have placed the statutory or constitutional question beyond debate'" or a "'robust consensus of cases of persuasive authority' in the Courts of Appeals" must have done so.  *Taylor v. Barkes,* 135 S. Ct. 2042, 2044 (2015) (citations omitted).

Jones has failed to identify a Supreme Court decision establishing a clearly established constitutional right against nighttime searches based on warrants issued in connection with the investigation of drug-related crimes.  Nor has he cited a consensus of appellate court decisions on the issue.  To the contrary, in the drug crime context (which is the applicable context here), the weight of authority establishes that nighttime searches are permissible without any heightened showing.

Search warrants issued in connection with the investigation of drug crimes are governed by the special provisions of 21 U.S.C. § 879, not the general provisions of Rule 41 of the Federal Rules of Criminal Procedure.  Section 879 "requires no special showing for a nighttime search" beyond probable cause for the warrant itself. *Gooding v. United States,* 416 U.S. 430, 458 (1974); *United States v. Rizzi,* 434 F.3d 669, 673-74 (4th Cir. 2006) (a search warrant 'may be *served* at any time of the day or night' so long as the judicial officer 'is *satisfied*' that probable cause exists" for the warrant itself); *United States v. Burch,* 156 F.3d 1315, 1325 (D.C. Cir. 1998) (rejecting argument that the final clause of section 879 creates "an obligation on the part of the government to establish probable cause for a nighttime search").[12] Jones does not allege that probable cause was lacking for the warrant itself.

---

12      Jones acknowledges that there is no clearly established law in either this Circuit or the Fourth Circuit that prohibited the conduct alleged here.   (Appellant Br. at 34 n.3, stating that "[t]o the best of Jones's knowledge, neither the D.C.

This Court's decision in *Burch* involved an analogous situation to that presented here.   In *Burch*, the officers procured a search warrant in the context of a drug investigation that authorized the search of the premises "in the daytime/at any time of the day or night."   *Id.* at 1318.   Thus, the issuing officer failed to specify which of the time periods ("in the daytime" or "at any time of the day or night") applied but left conflicting time periods in the warrant.

The warrant was executed at 11:00 p.m. and the defendant sought to suppress the evidence from the search on the basis that its nighttime execution violated the "in the daytime" provision of the warrant.   Following *Gooding*, the Court held that section 879 does not "contain a time restriction" and that the "failure to cross out the warrant's 'daytime' clause" was a "ministerial oversight" that did not "undermine[] the warrant's validity."   *Burch,* 156 F.3d at 1326.   The Court also found that it was objectively reasonable for an officer to believe that the warrant could be executed at any time since it was a drug warrant governed by section 879.   *Id.* at 1326.

Jones has not alleged that the warrant itself lacked probable cause but focuses instead on the FBI agents' alleged failure to comply with a technical requirement of the warrant regarding the time of execution.   Specifically, Jones contends that the

Circuit nor the Fourth Circuit had, at the time Jones's home was searched, decided a case involving the precise facts at issue here.")   That concession is itself dispositive of his *Bivens* claim.

FBI agents violated a clearly established right by searching his home allegedly at 4:45 a.m. when the warrant specified the time for the search as between 6:00 a.m. and 10:00 p.m. (Appellant Br. at 23-24.)   In other words, Jones contends that the FBI agents are not entitled to qualified immunity because they allegedly disregarded the time period for the search set by the magistrate judge. (Appellant Br. at 36.)

But the time restriction set forth in the warrant was not a constitutional requirement – or at least not a constitutional requirement that was clearly established at the time – and the magistrate judge's insertion of that restriction also was inconsistent with section 879, which contains no time restriction.   It is undisputed that Jones was being investigated for drug-related crimes.   Indeed, the attachment to the warrant itself references such things as "[d]rugs" and "indicia of drug trafficking" as items that were subject to seizure under the warrant.   (Doc. # 1536082, Ex. A-2.)   In light of the applicability of section 879, it would appear that the time restriction was a ministerial oversight.   However, even had the magistrate judge intended that time restriction to apply, that restriction could not displace the provisions of section 879.   Therefore, the officers' alleged non-compliance with the time restriction on the warrant cannot provide a basis for Jones to claim that his Fourth Amendment rights were violated by the alleged time of entry.   *Dalia,* 441 U.S. at 255-57 (identifying only three constitutional requirements for a warrant:

36

issuance by a neutral magistrate, probable cause and a description of the place to be searched and items to be seized).

Notably, Jones largely sidesteps the section 879 analysis and principally relies for his position on case authority outside the drug crime context (Appellant Br. at 26-27), in which searches are governed by Fed. R. Crim. P. 41. That rule limits the execution of warrants to daytime hours unless a nighttime search is expressly authorized by the magistrate. In that context, the absence of authorization for a nighttime search might have constitutional significance. *See Yanez-Marquez v. Lynch,* 789 F.3d 434, 466 (4th Cir. 2015) (noting the heightened burden of proof required for the issuance of a nighttime warrant under Rule 41). Rule 41, however, does not apply to a warrant for drug crime violations, which is governed by the special provisions of 21 U.S.C. § 879. *Burch,* 156 F.3d at 1324-25; *Rizzi,* 434 F.3d at 673; *see also United States v. Bieri,* 21 F.3d 811, 816 (8th Cir. 1994) ("Rule 41, which requires specific authorization from a court for nighttime service of warrants, does not apply in this case [involving drug crimes]"). Accordingly, the holdings in the cases cited by Jones cannot establish a clearly established constitutional right in the context of a search that, as here, was governed by section 879.

Importantly, even in the context of Fed. Crim. P. Rule 41, Jones' own case authority recognizes a "circuit split on whether the nighttime execution of a daytime warrant, without consent or exigent circumstances, is a Fourth Amendment violation." *Yanez-Marquez,* 789 F.3d at 469 n.22.    In *Yanez-Marquez,* a case cited by Jones, ICE agents allegedly executed a search warrant one hour before the time period of 6:00 a.m. to 10:00 p.m. set forth in the warrant. *Id.* at 439.   The warrant did not involve a search for drugs and thus was governed by Fed. Crim. P. Rule 41. *Id.* at 438-39 (describing the search as seeking evidence regarding the employment and harboring of illegal aliens) and *id.* at 465-66 (discussing Fed. Crim. P. Rule 41).   In that context, the Fourth Circuit held that the nighttime execution of a daytime warrant violates the Fourth Amendment, absent consent or exigent circumstances. *Id.* at 467.

In doing so, however, the Court recognized its own prior, unpublished decision, *United States v. Davis,* 313 F. App'x 672 (4th Cir. 2009), that "treated a nighttime search conducted under the aegis of a daytime warrant as a mere Rule 41 violation rather than as an unconstitutional search." *Yanez-Marquez,* 789 F.3d at 467.   The Court also cited authority from the Second, Sixth and Eighth Circuits that treated nighttime searches in a similar fashion. *Id.* at 468.   Thus, as the Court recognized, even for searches governed by Fed. Crim. P. Rule 41, the law is not

clearly established – and certainly was not clearly established at the time of the October 2005 search at issue here – that a nighttime search conducted under a daytime warrant amounts to a constitutional violation.[13]

Jones appears to cite to only one Circuit decision in the drug context, a dated decision of the Third Circuit, *United States v. Merrill,* 293 F.2d 742 (3d Cir. 1961), issued prior to *Gooding*, interpreting the predecessor to 21U.S.C.§ 879.   (Appellant Br. at 31-32.)   Not only is that decision of dubious validity in light of *Gooding*, but it clearly does not reflect a consensus of Circuit authority at the time of the October 2005 search at issue here.

Jones has not alleged the absence of probable cause for the Moore Street search, only non-compliance with a provision in the warrant that was neither constitutionally nor statutorily required.   The magistrate judge's finding of probable cause for the search itself was sufficient authority for the officers to

---

13      The Court in *Yanez-Marquez* also distinguished its prior holding in *United States v. Rizzi, supra,* on the basis that *Rizzi* involved "a valid warrant that was validly executed at night." *Yanez-Marquez*, 789 F.3d at 468 n. 21.   The warrant in *Rizzi,* which was executed at 4:30 a.m., did not expressly authorize a nighttime search.   *Rizzi,* 434 F.3d at 671.   Thus, the Court in *Yanez-Marquez* appeared to distinguish *Rizzi* because it was governed by section 879, which permits a search warrant relating to drug offenses to be served day or night.   In any event, the fact that the Court found it necessary to explain why *Rizzi* did not foreclose its holding alone establishes that the issue was subject to reasonable debate at the time of the October 2005 search at issue here.

conduct a nighttime search under *Gooding*.   Thus, even if the officers executed the search at 4:45 a.m. as Jones alleges, it would have been objectively reasonable for them to believe that was permissible because the search warrant was related to drug offenses and thus governed by section 879.  *Burch,* 156 F.3d at 1326; *see also Yanez-Marquez,* 789 F.3d at 469 n.22 ("considering the circuit split on whether the nighttime execution of a daytime warrant . . . is a Fourth Amendment violation, it cannot be credibly argued that the ICE agents in this case intentionally violated the Fourth Amendment . . . by entering the [p]remises an hour before the warrant permitted.").   Because the search did not violate a "clearly established" constitutional right, the officers are entitled to qualified immunity on that claim.[14]

Accordingly, because the alleged execution of the warrant at 4:45 a.m. did not violate a clearly established constitutional right, the District Court properly determined that the officers were entitled to qualified immunity on Jones' claim that

---

[14]     Jones contends that this case presents a unique circumstance where the Court should first evaluate whether the nighttime search violated the Fourth Amendment before considering whether the right was clearly established at the time of the search.   Although that issue need not be decided first, *Pearson v. Callahan*, 555 U.S. 223, 236 (2009), the question is of no moment here since, as the above discussion reflects, there is no constitutional prohibition on nighttime searches when drug crimes are suspected and no statutory basis for a magistrate to restrict the time of such searches.

they violated the Fourth Amendment by entering his home at 4:45 a.m.   (Mem. Op. at 14.)

## IV.   Jones Cannot Re-Litigate Issues Adjudicated Against Him In The Criminal Proeeding.

Jones previously litigated both the issue of the scope of the Moore Street warrant and the timing of the search in his criminal proceeding.   In that proceeding, the District Court denied Jones' initial motion to suppress (which challenged other aspects of the Moore Street search), *United States v. Jones,* 451 F. Supp. 2d 71, 85-86 (D.D.C. 2006),[15] and also denied motions for reconsideration filed by Jones in May 2012 (Case No. 05-cr-386, ECF No. 619) and February 19, 2013 (*Id.,* ECF No. 688) that specifically challenged the timing of the search and the scope of the warrant.   (Case No. 05-cr-386*,* ECF No. 670-5, Transcript (Aug. 10, 2012), at 10-12; Minute Entry dated February 19, 2013.)

Having already litigated these claims unsuccessfully in the criminal proceeding as part of a motion to suppress, Jones cannot now re-litigate them in a civil proceeding under *Bivens* or section 1983.   *See Allen v. McCurry,* 449 U.S. 90, 105 (1980) (section 1983 claim for unlawful search barred by issue preclusion

---

[15]      Jones did not challenge in his criminal appeal the District Court's denial of his initial motion to suppress with respect to the Moore Street search.   *See United States v. Maynard,* 615 F.3d 544, 549 (D.C. Cir. 2010) (identifying issues raised on appeal).

41

because the validity of the search already had been resolved against the plaintiff by the denial of a motion to suppress in the criminal proceeding); *Donovan v. Thames,* 105 F.3d 291, 298 (6th Cir. 1997) (determination in suppression hearing that arrest was valid precludes re-litigation of section 1983 claim that arrest lacked probable cause).

### V. The Complaint Should Be Dismissed To The Extent The Claims Here Would Impugn The Validity Of Jones' Guilty Plea.

Although not reached by the District Court, Jones' claims are barred under the ruling in *Heck* in whole, or in part, because of his subsequent guilty plea. In *Heck,* the Supreme Court held that if a judgment in favor of a plaintiff in a civil suit under 42 U.S.C. § 1983 would necessarily imply the invalidity of a prior criminal conviction or sentence, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.  *Heck*, 512 U.S. at 487. Even though Jones' original conviction was reversed in *United States v. Maynard*, 615 F.3d 544 (D.C. Cir. 2010) on the basis of one piece of evidence, he later pled guilty to the same charge.  *See Lewis v. Mills,* 677 F.3d 324, 333 (7th Cir. 2012) (observing that a judgment in plaintiff's favor would "be inconsistent with his guilty plea" and potentially implicate the *Heck* bar against "maintaining a § 1983 action where a judgment in favor of the plaintiff would necessarily imply that his conviction was invalid").

42

The requirement that the original conviction be invalidated is often referred to as the favorable termination requirement. *See e.g., Nelson v. Campbell*, 541 U.S. 637, 647 (2004) (concluding "this 'favorable termination' requirement is necessary to prevent inmates from doing indirectly through damages actions what they could not do directly by seeking injunctive relief"); *see also In re Jones*, 652 F.3d 36, 38 (D.C. Cir. 2011) (stating "the favorable termination of a habeas case or direct appeal is an '*essential* element of a prisoner's civil claim for damages brought under 42 U.S.C. § 1983'") (internal citation omitted). Because Jones pled guilty to the conspiracy charge on which he was originally convicted in January 2008, he cannot show that the prosecution was terminated in his favor.   To the extent a judgment in Jones' favor in this action would impugn the validity of his guilty plea or the District Court's denial of his suppression motions regarding the Moore Street search which were not appealed, dismissal under *Heck* is appropriate for the same reason the District Court dismissed Jones' 2007 lawsuits on *Heck* grounds following his 2008 conviction.[16]

---

16      While this Court has observed that there was "tension" between the District Court's prior *Heck* ruling and the language in *Heck* itself, this Court did not hold that *Heck* was inapplicable.   *In re Jones,* 670 F.3d 265, 267 (D.C. Cir. 2012).

## CONCLUSION

For the foregoing reasons, the decision of the District Court dismissing Count

V of the Amended Complaint should be affirmed.

Respectfully submitted,

CHANNING D. PHILLIPS
United States Attorney.

R. CRAIG LAWRENCE
Assistant United States Attorney.

*/s/ Jeremy S. Simon*
JEREMY S. SIMON
Assistant United States Attorney

## CERTIFICATE OF COMPLIANCE
## WITH TYPE-VOLUME LIMITATION

I HEREBY CERTIFY that the foregoing brief complies with the type-volume

limitation of Fed. R. App. P. 32(a)(7)(B) and contains 10,685 words.


_____*/s/ Jeremy S. Simon*_____
JEREMY S. SIMON
Assistant United States Attorney

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 23rd day of December, 2015, the foregoing **Brief for Appellees** has been served through the Court's electronic filing system.

> */s/ Jeremy S. Simon*
> JEREMY S. SIMON
> Assistant United States Attorney
> Judiciary Center Building
> 555 Fourth Street, N.W.
> Washington, D.C.   20530
> (202) 252-2528

46

## **ADDENDUM**

TABLE OF CONTENTS

Federal Statutes:

21 U.S.C. § 879 .........................................................................................48

21 U.S.C. § 879

A search warrant relating to offenses involving controlled substances may be served at any time of the day or night if the judge or United States magistrate issuing the warrant is satisfied that there is probable cause to believe that grounds exist for the warrant and for its service at such time.